GEORGE H. McPHERSON v. GEORGE STORCH *et al.*

PETITION IN ERROR — *Joint Defendants — Dismissal as to Part.* Where a joint judgment against several defendants is brought up for review, and its provisions are such that it cannot be disturbed or reversed without affecting all of the defendants, all must be made parties in the supreme court before the errors assigned will receive consideration; and in such a case, where the plaintiff waives any error and dismisses the proceedings as to one of the defendants, it operates as a dismissal as to all of them.

*Error from Atchison District Court.*

THE opinion states the case.

*H. M. Jackson,* for plaintiff in error :

The principal question in this case is the question of tender. This claimed tender was insufficient —

1. Because it was conditional, and depending upon whether the court on the final trial found the defendants to be liable in any sum; and upon condition that plaintiff would execute a deed of release, "clear and free from all incumbrances," up to one month after the same was conveyed to Mills. A tender with such a condition is not a tender in law that stops the running of interest. A tender in law must be without conditions. *Shaw v. Sears,* 3 Kas. 242; *Latham v. Hartford,* 27 id. 249; *Saum v. La Shell,* 45 id. 205; 2 Pars. (5th ed.), 644, note; *Thayer v. Brackett,* 12 Mass. 450; *Loring v. Cooke,* 3 Pick. 48; *Wood v. Hitchcock,* 20 Wend. 47; *Shuck v. C. R. I. & P. Rly. Co.* (Iowa), 35 N. W. Rep. 429; *Kuhns v. C. M. & St. P. Rly. Co.* (Iowa), 22 id. 661; *Shugart v. Potter,* 37 Iowa, 422; *Thompkins v. Batie* (Neb.), 7 N. W. Rep. 747; *Elderkin v. Fellows,* (Wis.), 19 id. 101.

2. The tender was for an insufficient amount. The tender to be valid must be for the amount actually due. 2 Pars. 640, note *b; Boyden v. Moore,* 5 Mass. 365; *People's Bank v. Norwalk,* 56 Conn. 547. Where, because of a deficit of interest

for one day, tender held insufficient: *Bank v. Love* (Minn.), 47 N. W. Rep. 449; *Moore v. Norman* (Minn.), 45 id. 857, 859; *Brandt v. C. R. I. & P. Rly. Co.*, 26 Iowa, 114; *Helphry v. same*, 29 id. 481; *King v. Finch*, 60 Ind. 420; *Shugart v. Potter*, 37 Iowa, 422; *Francis v. Deming*, 59 N. Y. 108; same case, 21 Atl. Rep. 1006. Offer to pay amount of judgment to be obtained, not good as a tender. *Chase v. Welch* (Mich.), 7 N. W. Rep. 895.

3. The court found that the full extent of the liability of the defendant Storch was the amount tendered in court at the time the answer was filed, which was August 20, 1888, and the court adjudged that, on the payment of such amount, to wit, $1,682.35, (which, as stated, was $10.40 less than the amount then actually due,) was the full amount for which the plaintiff in error was entitled to judgment. The tender having been conditional, and for an amount less than was actually due, the judgment should have been for the full amount of the one-third of the note and mortgage with interest thereon at 8 per cent. per annum from that date to the date of judgment, to wit, June 29, 1889, or $103.44 more than the amount for which judgment was rendered.

4. The court also adjudged that, upon the payment of the amount of $1,682.35 into court on or before July 3, 1889, with one-third of the costs, the defendant Storch should be discharged. This judgment was erroneous, because it deprived the plaintiff below of the interest from June 29 to July 3, being $1.58.

5. By the condition and clause in the deed by which Mr. Storch accepted title, he made a personal obligation to pay the one-third of the amount of the mortgage debt. Upon the making of such contract, the plaintiff in error was entitled to enforce his mortgage as against F. D. Mills, and also a personal judgment over against said Storch for the one-third of the amount of said mortgage which might remain after the sale of the property described in the mortgage. The liability of F. D. Mills, made by his note, was a personal ob-

ligation; so of the contract of George Storch, when he assumed and agreed to pay one-third the mortgage debt. Wiltsie, Mortg. Forecl., §§ 222, 223, 224, and cases cited in notes.

*W. W. & W. F. Guthrie,* for defendant in error Storch:

1. This case is prosecuted here to reverse the decision and judgment of the district court in holding that defendants Storch and Parker, upon the payment of their respective thirds of the mortgage indebtedness, as conditioned in their deeds of conveyance from Mills, were entitled to have the property thereby conveyed by Mills to them, respectively, on such condition, released to them by the plaintiff when he should be entitled to take their money as the equitable assignee of Mills in such respect; and, therefore, when the plaintiff elected to accept the judgment of the district court in such respect as against Parker, and thereon dismissed his case as against him, he necessarily dismissed his case also as against Storch.    Both Storch and Parker being in the same relation to the plaintiff, and such relation being the subject of determination in the same action, and thereon the subject of joint review in this action, the plaintiff in error could not dismiss a part of his case and leave the other part standing unaffected by such action.    This action is not prosecuted here for the enforcement of any rights which might be the subject of compromise, or individual settlement in an ordinary action; but is prosecuted here for review of the determination of the court from which the error proceeding is taken; and hence, the dismissal of the case in part is necessarily the dismissal of the case in whole.    Otherwise, how could this court apportion the costs here, or reverse the joint judgment of the trial court in part, and thereby leaving the other part of such joint judgment standing in full force?

2. But the plaintiff never contracted with Storch or Parker, and never had any recourse against either thereof other than as the equitable beneficiary of Mills.    Had such condition not been inserted in their deeds of conveyance, while they would have taken the land subject to the plaintiff's mortgage,

because it was of record, they would have been chargeable with no liability in favor of Mills, and, hence, none in favor of the plaintiff. And when, as a part of the consideration of their purchase from Mills, they assumed and agreed with him to pay respectively one-third of the mortgage indebtedness, how can it be said that they shall be compelled by the plaintiff to make such payment, while in the same proceeding he may deprive them of all the benefit of the purchase which he insists they shall pay the consideration for?

The tender was made as authorized by § 131 of code; and the money was deposited in court, when ordered by the court, (viz., July 3, 1889,) for the amount and in the manner ordered by the court, as required by said § 131.

Issue was joined upon the extent of the liability of Storch and Parker, the plaintiff, by his petition, claiming that Mills, Parker and Storch were each personally liable for the full amount of the indebtedness, and with the right to foreclose and sell the entire property for such indebtedness. Storch and Parker answered, denying other liability than the assumption of one-third of the mortgage indebtedness as in the condition of their respective deeds from Mills, and offering to pay this money, upon the property which it was to pay for being released to them, and which only the plaintiff had the power to release. To such answers the plaintiff replied by a general denial, and by reasserting the claim of his petition. Then, upon the findings of the court being made, the plaintiff filed a motion for judgment, denying the right of Parker and Storch to any interest in the property for their respective thirds until full payment for the property had been made, and with personal judgment against Storch and Parker for the amount not thus satisfied; and still so insists here. Thus, from the beginning to the end of the controversy, (and still in this court,) the plaintiff has asserted his right to personal judgment against Parker and Storch for the full amount of the Mills debt, with denial of any right on their part in the property until after full payment according to Mills's deed; and thus denying to Storch and Parker any claim upon

the undivided one-third interest in the property, which he insists they should pay for under their contract with Mills.

It is a well-settled principle that a tender need not be made where it would be useless; and in this case the claim of the plaintiff made useless any tender. But the offer of Parker and Storch was not a tender only, in the ordinary acceptation of the term; but in an equity action an offer to do equity upon the plaintiff doing equity to them; for it cannot be said that Parker and Storch, by virtue of their acceptance of a deed to one-third of the property, conditioned that they should pay one-third of the incumbrance, could be required to pay to the holder of the incumbrance one-third thereof, when he persistently refused to release to them the property that he was thus asking payment for.

For the first time the plaintiff makes his claim of error in interest to extent of $10.40 in his brief. In his motion for judgment he demanded judgment against Mills for the principal and interest to date of judgment, and with right of foreclosure upon the entire property in satisfaction thereof; and against each, Storch and Parker, in one-third of such amount, and with no right to Storch and Parker in the property, except to have one-half of the proceeds of sale over and above the amount necessary to pay the Mills one-third to be credited respectively to them, and thereon the aggregate credited to Mills. But in fact the amount of $1,682.35 was computed and intended to include interest from date of note to date of filing answer, and if not correct in such respect it is a trifling difference of error in computation, and not for the time as stated by plaintiff. The exact computation is $1,681.47.

The McPherson judgment against each, Storch and Parker, was figured on the tender as conceded, and treated by all parties to the time of filing the answer as covering interest from date of Mills's mortgage. Mills's mortgage, $4,533.33, date March 21, 1887; answer filed August 20, 1888 — 17 months, less one day. But in no case, and particularly in an equity case, where the defendants concede liability, and only the amount is in controversy, and is determined by the court,

and such amount actually paid into court on such determination, and it should later prove that there was an error in fact of even $10.40, would a reviewing court disturb such determination, at least when no such question had been made in the trial court. The plaintiff cannot be permitted to contend for an outrageous result on the trial, and when defeated in this claim, and liability settled upon the basis conceded by defendant in his answer, and then, upon review in the supreme court, for the first time be allowed to make the claim that in fact there was an error of $10.40 in the amount of $1,682.35, to which he was entitled, but in which respect the trial court never had its attention claimed. But in fact, as above stated, there is no discrepancy in his favor in such respect.

Again, the plaintiff makes the claim that between the date of the findings and the time fixed for the payment of the $1,682.35 into court, being four days, interest on $1,682.35 would accrue to the amount of $1.58, and that the court committed error in not including such amount. The court determined the amount, and fixed a time when the defendants were "ordered by the court" (§ 131) to deposit the sum in court, as was done; and hence within compliance of the provisions of said § 131. The entire contention of plaintiff in error is contained in the fourth paragraph of brief, and is an error as to the first item, and there being no foundation for the second or third items.

The opinion of the court was delivered by

JOHNSTON, J.: On March 10, 1887, George H. McPherson sold a tract of land adjoining the city of Atchison to F. D. Mills for the consideration of $6,800. Two hundred dollars of the purchase-price was paid on that day, and on March 21, 1887, a further sum of $2,066.66 was paid, at which time McPherson executed a conveyance of the land to Mills, and Mills and wife in turn executed a mortgage thereon to secure the balance of the purchase-price, $4,533.34. On April 19, 1887, Mills, by two separate deeds, conveyed to each of the

defendants Storch and Parker an undivided one-third of the
McPherson land, and each deed contained this condition:
"Subject, however, to a mortgage given by F. D. Mills to
Geo. H. McPherson for $4,533.34, one-third of which the
grantee assumes and agrees to pay." Default was made in
the payment of the balance of the purchase-price, and Mc-
Pherson brought an action to recover the same and to foreclose
the mortgage given to secure the payment of the balance. It
was alleged that while the original transaction was in the name
of Mills, it was for the benefit of Storch and Parker, who were
jointly interested, and each had an undivided one-third inter-
est in the purchase, and all were liable for the purchase-price
of the land. The plaintiff also counted upon the provision in
the warranty deeds executed by Mills to Storch and Parker,
in which the grantees each assume to pay one-third of the
amount secured by the mortgage. At the trial, the court
found that the original transaction was between McPherson
and F. D. Mills, and that neither Storch nor Parker partici-
pated therein. It was also found that no portion of the debt
had been paid by any of the defendants, but that Storch and
Parker had each tendered one-third of the unpaid purchase-
price of the land, with interest thereon, upon condition that
the plaintiff execute to each a deed of release to an undivided
one-third interest in the lands. The court made the following
finding, viz.:

"That plaintiff is entitled to judgment against defendant
F. D. Mills on note sued on for the sum $5,357.39, with 8
per cent. interest until paid; and is further entitled to judg-
ment against defendants Storch and Parker respectively for
the sum of $1,682.35 each, and which said sum may be paid
by said defendants respectively within such time as the court
may fix therefor, and upon any such payment being made by
said Storch and Parker, as so ordered, same shall operate as a
release of plaintiff's mortgage sued on, to the extent of the one-
third interest in such land, in favor of either said defendant
making such payment, and any such amount so paid thereon
shall be credited on such judgment against defendant Mills;
and as to either defendant failing to make such payment

within such time limited therefor, the plaintiff shall be entitled to special execution for the sale of such interests in said land as shall not thereby be released, and thereon the proceeds, less costs and accrued interest, to be credited upon such judgment against said Mills, and with execution over against either such defendant failing to make his proportionate payment as shall not be satisfied out of the proceeds of such sale; and if both defendants Storch and Parker shall make such payments, then that special execution shall only issue for the sale of the undivided one-third part thereof as interest of said F. D. Mills in said land, and with execution over against said F. D. Mills for any portion of such proportion of such judgment as shall not have been satisfied from the proceeds of such sale; and the costs of this action to be paid as follows: One-third ($\frac{1}{3}$) the costs hereof to be paid by each F. D. Mills, George Storch and J. W. Parker, defendants."

The decree of foreclosure was entered in accordance with these findings, and the time fixed for the payment of the proportionate shares of Storch and Parker was July 3 and September 1, 1889. The plaintiff excepted to this judgment and brought a proceeding in error, in which all the defendants were made parties. He contends that he was entitled to have a foreclosure and sale of all the mortgaged property and a personal judgment over against Storch and Parker each for the one-third amount of the mortgage which might remain unpaid after the sale of the property described in the mortgage. He also insists that the tender was insufficient in form and amount. On the 3d day of May, 1892, the plaintiff appeared in court and waived any and all claim to review or reverse the judgment of the district court as against James W. Parker, and elected to accept the judgment as against Parker, and dismissed the petition in error as against him.

The judgment sought to be reviewed and reversed is joint, and its provisions and conditions are so interdependent that it cannot be reversed or disturbed without affecting all of the defendants in the court below. Each of the defendants is so connected in the decree, and all would be so affected by its reversal, that all are necessary to a review. The proportionate liabilities of the others will necessarily be affected by the

absence of the dismissed defendant, and in justice to the others all defendants should remain in the case if there is to be a reversal. The plaintiff undertook to make a qualified dismissal — that is, to dismiss Parker, so that the judgment rendered against him should not be disturbed, and yet retain him for the purpose of having all necessary parties in the court so as to secure a review and reversal of the judgment as against the other defendants. This cannot be done. Parker is either in the case or out of it. He cannot be a party and a stranger in the same case. The plaintiff still insisted at the argument that he had accepted the judgment against Parker, and that it must stand as to him. This action amounts to an absolute dismissal; and, in view of the nature of the action and the terms of the judgment, it operates as a dismissal as to all of the defendants. (*Ex parte Polster,* 10 Kas. 204; *Armstrong v. Durland,* 11 id. 15; *Hodgson v. Billson,* 11 id. 357; *Bassett v. Woodward,* 13 id. 341; *Richardson v. McKim,* 20 id. 346; *Browne's Appeal,* 30 id. 331; *Paper Co. v. Hentig,* 31 id. 322.)

The petition in error will therefore be dismissed.

All the Justices concurring.