## NORTHERN DEPARTMENT—CENTRAL DIVISION.
### MAY TERM, 1895.

J. E. Bonebrake *et al.* v. The Ætna Life Insurance Company.

No. 30.

Joint Judgment— *When not Reviewable.* A joint judgment rendered against the principal and sureties on a bond cannot be reviewed or disturbed by proceedings in error when the principal to such judgment is not made a party in the appellate court, and no valid reason appears for such omission.

Memorandum.—Error from Dickinson district court.; M. B. Nicholson, judge. Action by The Ætna Life Insurance Company against J. E. Bonebrake and others. Defendants bring here for review a judgment for plaintiff. Dismissed. The facts appear in the opinion, filed July 6, 1895.

*Stambaugh & Hurd*, for plaintiffs in error.
*John H. Mahan*, for defendant in error.

The opinion of the court was delivered by

Garver, J.: The plaintiffs in error were sureties upon a bond given by one M. P. Abbott to defendant in error, conditioned for the faithful performance by the said Abbott of his duties as general state agent in Kansas for said insurance company. In an action brought on the bond against the principal and sureties, for alleged breaches thereof, trial was had in the district court of Dickinson county and a joint judgment for $925 rendered against M. P. Abbott as principal and the plaintiffs in error as his sureties. This

proceeding in error to reverse such judgment is brought by the sureties alone, the said M. P. Abbott not being made a party in this court.

Objection is made by defendant in error, in the brief and on oral argument, to a consideration of the errors assigned, for the reason that M. P. Abbott is a necessary party to this proceeding before any reversal of the judgment can be had. We think this objection is well founded. The rule is well settled, and is of universal application, that all the parties to a joint judgment must be made parties to a petition in error, and a failure in this respect is fatal for the appealing party. (*McPherson v. Storch,* 49 Kan. 313, and cases cited ; *Masterson v. Herndon,* 10 Wall. 416 ; *Simpson v. Greeley,* 20 id. 152, 157.)

Notwithstanding this objection, we have examined the errors assigned, and are of the opinion that no reversible error was committed. The case will be dismissed.

All the Judges concurring.