JOHN NORTON v. JAMES B. WOOD.

JOINT JUDGMENT—*Appeal—Parties.* The absence of a party to a joint judgment who will necessarily be affected by a reversal thereof defeats the jurisdiction of the appellate court, and prevents the review of the judgment.

*Error from Lyon District Court.*

ACTION by *Wood* against *Norton* and two others to recover upon a promissory note, and to foreclose a mortgage given to secure its payment. Judgment

was rendered against *Norton* and defendant William Muff; and the former brings the case to this court. The opinion herein, filed July 6, 1895, states the facts.

*Almerin Gillett*, for plaintiff in error.

*E. W. Cunningham*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : The original suit was brought July 7, 1890, by said James B. Wood against said John Norton and William Muff and Henry Muff to recover judgment upon a promissory note executed by said William Muff in favor of said Wood, and to foreclose a mortgage on real estate given to secure the same. It was alleged in the petition that, after the execution of the note and mortgage, William Muff conveyed the land to Norton and Henry Muff, "who, as a part of the consideration thereof, agreed to pay the amount due" Wood. Personal service was made on Norton and William Muff, but Henry Muff was not served. Norton and William Muff made default. On October 1, 1890, at September term, Wood obtained a personal judgment by default against William Muff and Norton for $2,398.95, bearing interest at 12 per cent. per annum, and costs of suit; and a decree of foreclosure of said mortgage was entered, it being found by the court that the land was then owned by Norton, "who, as part of the purchase-price thereof, assumed and agreed to pay the said sum found due to the plaintiff." In March, 1891, Norton appeared in court by counsel, and filed his motion for the vacation of said personal judgment as to him, on the ground that, although he had taken the title to the land subject to the mortgage, he had never assumed or agreed to pay the in-

debtedness, and that the allegation to that effect in the petition was untrue, but he knew nothing of the same, not suspecting that any false averment would be made for the purpose of fastening a personal liability upon him. The motion was overruled by the court, Norton excepting; and he has presented his petition in error to this court for review against Wood alone. A motion is now interposed by Wood to dismiss the case because William Muff is not made a party.

The judgment against Norton and William Muff is joint. If, after the sale of the mortgaged property, a balance should remain unpaid, a general execution might be taken out against both for the collection of the residue. If collected from William Muff, he would have a valid claim against Norton for contribution. If we were to reverse the personal judgment, and Norton should be relieved from it, the whole weight of the residue would be cast upon William Muff. We cannot so shift the burden upon the latter in his absence. A condition precedent to such a change of responsibility by order of this court is that he be brought into it as a party in due time. This is familiar law here. (*Paving Co. v. Botsford,* 50 Kas. 331, 332, and cases cited; *Steele v. Baum,* 51 id. 165; *Loan Co. v. Lumber Co.,* 53 id. 677.) If the case were here on its merits, the result might not be more favorable to Norton. He was guilty of gross negligence in permitting judgment to be taken by default, without even knowing the nature of the claim made by Wood. He employed a lawyer at the second term, after his case had been disposed of. This was very late.

But the petition in error must be dismissed for want of a necessary party.

All the Justices concurring.