P. P. BRADY *et al.* v. MRS. E. A. CORBETT.

No. 129.

COURTS OF APPEALS — *Parties.* Where a judgment against several parties is brought into the courts of appeals for review, and it is apparent that a modification or reversal thereof will affect other parties not made parties to the proceedings for a review, the court cannot entertain the case, and it will be dismissed. (*Bain v. Conn. M. Life Ins. Co.*, 3 Kan. App. 346.)

MEMORANDUM.— Error from Miami district court; JOHN T. BURRIS, judge. Action by Mrs. E. A. Cor-

bett against P. P. Brady, Elizabeth C. Brady, J. J. Lord, E. Lord and William Johnson upon a note and mortgage. Judgment for plaintiff. Defendants bring the case to this court. Dismissed. The opinion herein, filed July 13, 1896, states the material facts.

*N. W. Wells*, for plaintiffs in error.

*Sheldon & Sheldon*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : Mrs. E. A. Corbett brought an action upon a note and to foreclose a real-estate mortgage upon lot 14, Johnson's subdivision to Osawatomie. The note and mortgage were executed by J. J. and E. Lord, and the petition alleged that Elizabeth G. Brady had purchased the property and assumed and agreed to pay the mortgage thereon. The petition further alleged, that a certain house located upon lot 15 should be subjected to the lien of the mortgage in question, for the reason that it was supposed, at the time the said house was erected and the said mortgage given, that the house was located upon lot 14, and that the misdescription was a mistake which was not discovered until some time after the giving of the mortgage. Upon the trial of the cause, a joint personal judgment was rendered in favor of Mrs. E. A. Corbett and against J. J. Lord, E. Lord, and Elizabeth G. Brady.

In this court plaintiffs in error have only made Mrs. Corbett a party defendant, and we are asked to dismiss the proceedings in error for that reason. It has been frequently held by the supreme court, as well as this court, that where a judgment against several parties is brought into a court of review, and it is apparent that a modification or reversal thereof will prejudicially affect other parties not made parties to the pro-

ceedings for review, the court cannot entertain the case and it will be dismissed. Following this rule, the request of defendant in error must be granted.

In this case a joint judgment was rendered by the trial court against J. J. Lord, E. Lord, and Elizabeth G. Brady, and a modification or reversal of that judgment would prejudicially affect J. J. Lord and E. Lord, as well as the plaintiffs in error. If, after the sale of the mortgaged property, a balance should remain unpaid, execution might issue under the decree against each of said defendants below. If we were to reverse the personal judgment rendered against Elizabeth G. Brady, she would be relieved from it, and the whole weight of the residue would fall upon J. J. and E. Lord. It was said in the case of *Norton v. Wood*, 55 Kan. 559:

"We cannot so shift the burden upon the latter in his absence. A condition precedent to such a change of responsibility by order of this court is that he be brought into it as a party in due time."

See also *Bain v. Conn. M. Life Ins. Co.*, 3 Kan. App. 346; *Matthewson v. Senior*, 3 id. 117.

We may say, in connection with this case, that we have carefully examined the record and are satisfied that the judgment was correct in all respects, but, on account of the absence of necessary parties, the case must be dismissed.

All the Judges concurring.