THE GREAT WESTERN MANUFACTURING COMPANY v. TRUE RICHARDSON.

No. 10665.

APPELLATE PROCEDURE—*all against whom joint judgment rendered necessary parties to petition in error*. A petition in error by one of five defendants against whom a judgment was rendered jointly for the recovery of specific personal property or the value thereof, to which the other defendants are not made parties either as plaintiffs or defendants in error, must be dismissed for want of necessary parties.

*Error from the Court of Appeals, Southern Department.*

REVERSED AND REMANDED.    OPINION FILED JANUARY 8, 1897.

*Baker, Hook & Atwood* and *James Lawrence*, for plaintiff in error.

*A. E. Parker*, for defendant in error.

ALLEN, J. The only question in this case requiring our consideration arises on the motion to dismiss, which the Court of Appeals overruled. The action in the District Court was brought by the Great Western Manufacturing Company against True Richardson, Horace Pardee, Emma Pardee, Eugene Pardee and A. G. Forney. The record shows that all the defendants were served with summons, that True Richardson and A. G. Forney filed separate answers, and that the Pardees made default. A trial was had with a jury, and a verdict rendered in favor of the plaintiff. On this verdict judgment was entered against the defendants for the recovery of specific personal property described in the verdict, for the value thereof in case a return of such property could not be made, and for costs of suit.

The proceeding in error from the District Court was instituted by True Richardson alone, and the

Great Western Manufacturing Company, only, was made defendant in error. The other defendants took no part in the preparation of the case-made, which was not served on them, and have not been made parties to the proceeding in error.

It is argued here, in support of the ruling of the Court of Appeals, that it does not affirmatively appear that the other defendants would be prejudicially affected by a reversal of the judgment; that True Richardson was the only necessary defendant in the lower court, and that the entry of judgment against the Pardees and Forney was a mistake which might be corrected in that court. The answer to these claims is obvious. We can no more assume that the trial court would release these parties from the judgment by a *nunc pro tunc* entry than that it would release Richardson on his motion. It does not appear that a correction of the journal entry has ever been asked for, and the absent defendants do not seek a reversal of the judgment. The claim that Richardson was the only person against whom judgment ought in any event to have been rendered, indicates only a greater necessity for making the other defendants parties in the appellate court; for, if Richardson should obtain a reversal of the judgment against him and be successful on the second trial, it would leave the Pardees and Forney liable to the plaintiff for the return of the property, or for its full value, without any remedy over against Richardson. The rule is well settled, and has often been enforced by this Court, that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and that a failure to join any of them either as plaintiffs or defendants is ground for the dismissal of the case.

A long line of reported cases might be cited in support of this proposition, but we shall refer to only the following: *McPherson v. Storch*, 49 Kan. 313; *Loan Co. v. Lumber Co.*, 53 id. 677; *Norton v. Wood*, 55 id. 559; *Investment Co. v. National Bank*, 56 id. 49; *Bain v. Conn. M. Life Ins. Co.*, 3 Kan. App. 346; *Bonebrake v. Ætna Life Ins. Co.*, 3 id. 708. Many cases have been dismissed on this ground which are not reported.

The judgment of the Court of Appeals is reversed, and the petition in error is dismissed.

All the Justices concurring.