John R. Douglass v. Richard Heady.

No. 511.

Appellate Jurisdiction — *all parties affected by judgment must be made parties in Appellate Court.* "All persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for a dismissal." *Manufacturing Co. v. Richardson,* 57 Kan. 662, 47 Pac. Rep. 537.

Error from Barber District Court. Hon. G. W. McKay, Judge. Opinion filed March 8, 1897. *Dismissed.*

*Chester I. Long,* for plaintiff in error.

*G. M. Martin,* for defendant in error.

Milton, J. Defendant in error has filed his motion to dismiss the proceedings in error on account of a defect of parties. It appears from the case-made that after the said defendants had filed a joint answer to the petition, containing merely a general denial, the defendant, Ed. Brewer, filed his amended separate answer, in which he admitted the contract set up in plaintiff's petition and alleged he had paid thereon the sum of $44.97, and claimed the balance due plaintiff was due from said Brewer alone. It also appears that said Brewer in his testimony claimed that he alone was liable for the debt to Richard Heady. It further appears that the trial court in its instructions to the jury used the following language :

"I further instruct you, gentlemen of the jury, that under the pleadings filed in this case, and the admission of the defendant Brewer, the plaintiff must recover as against the defendant Brewer, and the plaintiff may or may not recover against the defendant Douglass, jointly with Brewer, according as you

may believe from the evidence that the plaintiff has, or has not, proved the material allegations contained in his petition as against the defendant Douglass.''

The case-made also shows that the defendant Douglass alone filed a motion to set aside the verdict of the jury and for a new trial; and that the case-made was prepared, served and presented for settlement by him alone.

In *Paving Co. v. Botsford* (50 Kan. 331), it is held that all parties to a joint judgment who would be necessarily affected by a reversal or modification of the same, are necessary parties to a proceeding in error to review such judgment, and that the absence of such necessary party will defeat the jurisdiction of the appellate court and prevent a review of any part of the judgment.

The rule is stated in Elliott's Appellate Procedure, section 138, as follows :

'' Where the judgment is joint there is no difficulty in making practical application of the general principle stated [ that all persons whose interests may be substantially affected by the judgment on appeal should be made parties ], for all who are parties to the judgment must be made parties on appeal.''

And in section 140 : '' While it is safe to affirm that all persons included in a joint judgment must be parties to the appeal,'' etc.

The same rule has been very emphatically stated by our Supreme Court in the case of *Manufacturing Co. v. Richardson* ( 57 Kan. 662, 47 Pac. Rep. 537 ), in which the following language is used :

'' The rule is well settled and has often been enforced by this court, that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and

that a failure to join any of them, either as plaintiffs or defendants, is ground for a dismissal of the case."

In view of all the foregoing, and especially in the light of *Manufacturing Co. v. Richardson,* supra, we must sustain the motion to dismiss.

The petition in error is dismissed.