## R. L. WALKER AND FRANK PLAYTER v. F. M. BLOUNT.

### No. 271.

APPELLATE PRACTICE—*necessary party omitted in proceedings in error, petition in error dismissed.* Where a money judgment was rendered against three parties, two of whom were declared to be liable as principals and one as surety, *held,* that the latter is a necessary party to the proceedings in error brought to reverse such judgment.

Error from Crawford District Court. Hon. J. S. West, Judge. Opinion filed June 9, 1897. *Dismissed.*

*B. F. Pursel, W. C. Webb,* and *Frank Playter,* for plaintiffs in error.

*Van Gundy & Cliggitt,* for defendant in error.

MILTON, J. A motion to dismiss has been filed in this case, based on an alleged defect of parties, it being contended that Harriet Holden should have been made a party to the proceedings in error.

It appears that the defendant in error, in June, 1892, brought an action in the District Court of Crawford County, against Harriet Holden, Frank Playter and others, to recover a personal judgment against them and to foreclose a real estate mortgage. The mortgage and note sued on had been executed by Mrs. Holden and her deceased husband, and Playter had purchased the real property from her under a bond for a deed in which he agreed to assume and pay the existing mortgage on the property, and all taxes subsequent to the year 1888.

On December 7, 1892, a judgment was rendered against Mrs. Holden in the sum of $880.75 and for foreclosure of the mortgage, and the case was continued for service as to Playter. On March 6, 1893,

Mrs. Holden filed her answer and cross-petition, which states it was done by leave of the court as to Playter and R. L. Walker. The latter had not been made a party, but she asks in her cross-petition that he be made a party defendant. The transcript does not show that such an order was made by the court, but a summons was issued on April 24, 1893, upon a precipe filed by Mrs. Holden's attorney, for service on Walker; the return shows that he was served with the summons on April 29, 1893.

The answer and cross-petition of Mrs. Holden set up the contract of sale between herself and Playter, of the mortgaged premises hereinbefore mentioned, and that before he had performed the conditions of the bond for deed said Playter sold the real property to Walker, and that a deed had been made by Mrs. Holden, at Playter's request, conveying said property to Walker, who, by the terms of said deed, assumed and agreed to pay the mortgage thereon.

On June 8, 1893, an order of sale was issued under the decree of foreclosure of December 7, 1892. On July 6 the court rendered another judgment in the action. The journal entry shows that Playter and Walker had each been duly served with summons in time to have pleaded, but had failed to do so, and wholly made default.

The court then proceeded to render judgment as follows:

"It is therefore ordered, adjudged, and decreed that plaintiff have and recover of and from the defendants, Harriet Holden as surety, and the defendants, Frank Playter and R. L. Walker as principals, the full sum of $942.40 with interest thereon at the rate of twelve per cent. per annum from the sixth day of July, 1893."

: After a further finding in regard to taxes, the court rendered and entered the following judgment:

· "It is therefore ordered, adjudged and decreed that plaintiff, F. M. Blount, have and recover of and from the defendants, Harriet Holden, Frank Playter and R. L. Walker the sum of $126.10, and execution is awarded therefor, in the order hereinafter provided."

The mortgaged property was sold by the sheriff on July 10, 1893, for one hundred dollars.

The question presented is, would the reversal of the judgment of the trial court, which is here sought by Playter and Walker, prejudicially affect Mrs. Holden, who is not a party to these proceedings?

It seems plain that such would be the effect of a reversal. If the judgment were reversed as to Walker and Playter, it would still be in force against Mrs. Holden.

But counsel for plaintiff in error say that the judgment rendered in December, 1892, was a separate judgment against Mrs. Holden, and was for all the relief the plaintiff below sought against her, and that no other judgment could be rendered in the same action against her; also that the fact that the court included her in the judgment entered July 6, 1893, against Playter and Walker, neither increased nor diminished her liability as to the plaintiff below. While this may be true, it is also true that neither Walker nor Playter could complain of the personal judgment entered against Mrs. Holden in December, as they are not parties to it. They are seeking to reverse a joint judgment in which they are declared to be principals and Mrs. Holden a surety. She is deeply interested in the proceedings, but plaintiffs in error have failed to make her a party.

This case comes clearly within the rule so frequently announced by our Supreme Court and by this court. *Norton v. Wood*, 55 Kan. 559 ; *Loan Co. v. Lumber Co.*, 53 id. 677 ; *Mortgage Co. v. Lowe*, 53 id. 39 ; *Pierce v. Downey*, 56 id. 250 ; *Investment Co. v. National Bank*, 56 id. 49 ; *Matthewson v. Senior*, 3 Kan. App. 117 ; *Bonebrake v. Ætna Life Ins. Co.*, 3 id. 708 ; *Lumber Co. v. Haines*, 3 id. 316 ; *Douglass v. Heady*, post, 47 Pac. Rep. 134, following *Great W. Mfg. Co. v. Richardson*, 57 Kan. 661, 47 Pac. Rep. 537.

The petition in error will be dismissed.