NORMAN F. THOMPSON v. CHAS. M. SEARLE *et al.*
### No. 267.

APPELLATE PROCEDURE—*Necessary Parties. Great Western Mfg. Co. v. Richardson*, 57 Kan. 661, cited and followed.

Error from Chautauqua district court; A. M. JACKSON, judge. Opinion filed August 18, 1898. Dismissed.

*J. T. Allensworth*, for plaintiff in error.

*H. E. Sadler*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Chautauqua county by the plaintiff in error to foreclose a mortgage executed by Charles M. Searle upon certain lands in that county. Several persons were made parties. A. H. Rogers, by permission of the court, filed a cross-petition asking to be made a party defendant, and set up that he held the title to said land by virtue of a tax deed. A trial was first had upon the issues joined between the plaintiff and Rogers, and the court found for the cross-petitioner, Rogers.

The court rendered a judgment against Searle, and a joint judgment of foreclosure against him and all of his codefendants, as well as against the plaintiff herein.

Our jurisdiction to examine this case is challenged, for the reason that Searle and several other defendants who are necessary parties to this action have not been made parties in this court. Personal service was had upon the mortgagor and, so far as the record discloses, the owner of the equity, Charles M. Searle,

and a personal judgment was rendered against him. He certainly must be interested in the decision of this case. The decision in this case will determine whether the land shall be sold to satisfy the personal judgment against him, and whether he will receive the surplus arising from the sale after the judgment, interest and costs are paid.

We apprehend that his interests would be advanced if the judgment should be reversed, and that no change would be made if it is affirmed, and we concluded in *Richardson v. Great Western Mfg. Co.*, 3 Kan. App. 445, that unless his interests were *prejudicially* affected he would not be a necessary party. However, the supreme court, in *Manufacturing Co. v. Richardson,* 57 Kan. 661, has decided otherwise, and we follow its decision, and will, therefore, be compelled to dismiss this case for the want of necessary parties.