ADOLPH GOODWIN AND LOVELL GOODWIN v. THE
WYETH HARDWARE MANUFACTURING COMPANY.

**No. 465.**  (62 Pac. 11.)

PRACTICE, *Courts of Appeals—Proceedings to Reverse—Necessary Parties.* "The rule is well settled that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and that a failure to join any of them either as plaintiffs or defendants is ground for dismissal of the case." (*Manufacturing Co. v. Richardson,* 57 Kan. 662, 47 Pac. 537.)

Error from Osage district court; WM. THOMSON, judge.    Opinion filed July 25, 1900.    Dismissed.

*E. G. Wilson,* for plaintiffs in error.

*Robert C. Heizer,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This was a proceeding in the district court of Osage county to revive a judgment rendered in said court on the 15th day of June, 1891, in favor of the defendant in error and against Adolph Goodwin and Lovell Goodwin, partners doing business as Goodwin Brothers.

The motion to revive was filed on the 9th day of June, 1897.   The notice of the hearing is dated June 8, 1897, and fixes the time for the hearing on the 12th day of June.   The notice was served on the plaintiffs in error in Shawnee county and duly returned.   At the hearing of the motion, on June 12, Lovell Goodwin appeared specially as follows :

"Comes now the defendant, Lovell Goodwin, one of the defendants in the above-entitled action, and appearing specially for the purpose of setting aside the attempted service of notice of a certain motion of revivor of judgment herein, and for no other purpose.

"The said Lovell Goodwin, so appearing specially, and for no other purpose, asks that the attempted service upon him of notice of a motion for a revivor of a dormant judgment in this action be set aside and held for naught, for the reason that said purported notice issued to the sheriff of Shawnee county, Kansas, on the 8th day of June, 1897, for service, and less than ten days before the time therein named when said motion would be heard and which attempted notice has been returned into this court less than ten days after the issuance thereof and which said notice was issued to the sheriff of Shawnee county, Kansas, and made less than ten days from the issue thereof."

The judgment rendered by the court upon the hearing of the motion is as follows :

"And now, to wit, on this 12th day of June, 1897, it being one of the days of the regular June, 1897, term of said court, this cause came on for hearing upon the motion of the plaintiff herein for a revivor of the judgment heretofore rendered on the 15th day of June, 1891, in the above action against the defendant herein ; said judgment being for the sum of $750.85, drawing interest at the rate of twelve per cent. per annum from the date of its rendition, and costs of said action in the sum of $10.55. The plaintiff appeared by its attorney, Robert C. Heizer, and the defendant, Adolph Goodwin, appeared not, though duly and legally served with notice of the pendency of this motion. The defendant Lovell Goodwin appeared herein by his attorneys, Wilson & Forbes, specially and for the purpose of setting aside and having held for naught the notice served upon him of the pendency of said motion for a revivor of said judgment.

"The court, after hearing the evidence in this cause and arguments of counsel, doth find that both of said defendants herein had due and legal notice of the pendency of this motion.

"It is therefore considered, ordered, adjudged and decreed by the court that said judgment referred to in

Goodwin v. Wyeth.

said notice and motion and in said above-entitled action be revived, and that execution issue thereon and herein; to which said ruling and judgment of this court the defendant Lovell Goodwin excepts.

"For good cause shown, the said defendant Lovell Goodwin is given sixty days in which to make and serve a case for the supreme or appellate court of the state of Kansas upon the plaintiff, and twenty days given to said plaintiff to suggest amendments thereto."

The consideration of this proceeding in error is challenged by defendant in error in its brief, as follows:

"Adolph Goodwin and Lovell Goodwin were and are joint judgment debtors in the judgment sought to be revived in the district court of Osage county, Kansas. The proceedings were instituted in said court to revive such judgment against each and both of said judgment debtors. Only one of these joint debtors appeared to contest the granting of the order sought by the proceedings. The court, upon the hearing of the motion, made an order reviving the judgment against both defendants jointly, and but one, Lovell Goodwin, plaintiff in error, excepted to the ruling of the court, and he alone brings this proceeding in error. A reversal of the judgment of the district court in this case would leave the judgment in that court against both Adolph Goodwin and plaintiff in error, Lovell Goodwin, stand revived alone against Adolph Goodwin. He should have been made a party to this proceeding in error, either as plaintiff or defendant."

In the case of *Manufacturing Co. v. Richardson*, 57 Kan. 661, 47 Pac. 537, the supreme court says:

"A petition in error by one of five defendants against whom a judgment was rendered jointly for the recovery of specific personal property or the value thereof, to which the other defendants are not made parties either as plaintiffs or defendants in error, must be dismissed for want of necessary parties."

Justice Allen, in the opinion, says:

"A long line of reported cases might be cited in

support of this proposition, but we shall refer to only the following : *McPherson v. Storch*, 49 Kan. 313, 30 Pac. 480 ; *Loan Co. v. Lumber Co.*, 53 id. 677, 37 Pac. 132 ; *Norton v. Wood*, 55 id. 559, 40 Pac. 911 ; *Investment Co. v. National Bank*, 56 id. 49, 42 Pac. 321 ; *Bain v. Conn. M. Life Ins. Co.*, 3 Kan. App. 346, 40 Pac. 817 ; *Bonebrake v. Ætna Life Ins. Co.*, 3 id. 708, 41 Pac. 67. Many cases have been dismissed on this ground which are not reported."

Applying the law as stated in the decisions cited, the petition in error will be dismissed.