HUGHES v. RHODES.

No. 252.    Opinion Filed November 9, 1909.

(105 Pac. 650.)

**APPEAL AND ERROR—Defect of Parties—Lack of Jurisdiction.** The absence of a party to a joint judgment who will necessarily be affected by a reversal thereof defeats the jurisdiction of the appellate court, and prevents a review of the judgment.

(Syllabus by the Court.)

*Error from District Court, Washita County; James R. Tolbert, Judge.*

Action by A. L. Rhodes against James S. Hughes, administrator of James S. Hughes, Sr. Judgment for plaintiff. Defendant brings error. Dismissed.

*J. H. Cline* and *E. M. Bradley,* for plaintiff in error.
*R. B. Forest,* for defendant in error.

TURNER, J.    On July 14, 1905, A. L. Rhodes, defendant in error, sued J. S. Hughes, Benjamin Hughes, and J. S. Hughes, Sr., in the district court of Washita county, on two certain promissory notes for $100 and $300, respectively, dated October 13, 1903, payable to Forest & Smith and by them indorsed to plaintiff. Defendants filed answer to which plaintiff replied, and on November 1, 1905, the death of J. S. Hughes, Sr., was suggested and leave granted by the court to substitute J. S. Hughes, his special administrator, as a party defendant to the suit. On November 9, 1905, an ancillary attachment issued, which was levied upon certain real estate in said county. On November 13, 1906, the cause came on for trial, which was objected to by defendant J. S. Hughes for the reason that no notice of application to revive said action had been served on him as such special administrator, which said motion was by the court (Hon. M. C. Garber, Judge) sustained. On September 18, 1907, plaintiff filed a motion to revive the action against J. S. Hughes, as administrator of J. S. Hughes, Sr., which

on December 7, 1907, was resisted by affidavit filed by said special administrator on the ground that more than one year had elapsed since the death of his intestate and its suggestion to the court and the appointment of said special administrator. On December 9, 1907, by leave of court (Hon. James R. Tolbert, Judge), plaintiff withdrew his motion of September 18, 1907, to revive said action, and on the same day it was by the court ordered that notice of the order of November 1, 1905, purporting to substitute said special administrator as party defendant be served upon him, which later was attempted to be done. On February 10, 1908, J. S. Hughes appearing for himself, and not as special administrator, moved the court to dismiss said suit as to him, on the ground that he had been adjudged a bankrupt, that the claim sued upon had been listed by him among the claims of his creditors, and that said bankrupt proceedings were then pending in the United States District Court for the Western District of Oklahoma, and on February 12, 1908, moved the court to dismiss the action against him as special administrator for want of revivor. These motions seem not to have been passed upon; but on February 4, 1908, the cause coming on for trial, defendants appearing not, plaintiff waived a jury and submitted the issues to the court, who held the suit to be properly revived as to defendant J. S. Hughes, administrator of the estate of J. S. Hughes, Sr., and rendered a joint judgment in favor of plaintiff and against the defendant J. S. Hughes and Benjamin Hughes and J. S. Hughes as special administrator of J. S. Hughes, Sr., for $608, principal and interest, and $60.80 attorney's fees and costs, sustained said attachment, declared said debt a lien upon the attached property, and ordered it sold to satisfy the same. On February 24, 1908, J. S. Hughes, as such special administrator, filed a motion to set aside said judgment for the reason that said suit had not been revived as to him, which said motion was, on the same day, by the court overruled, to which defendant excepted and brings the case here.

Various errors have been assigned; but as the judgment is joint against J. S. Hughes, Benjamin Hughes, and J. S. Hughes as special administrator to J. S. Hughes, Sr., deceased, and only

the latter is a party to this proceeding in error, we cannot consider any of them. *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Weisbender et al. v. School District,* 24 Okla. 173, 103 Pac. 639. In *Great Western Mfg. Co. v. Richardson,* 57 Kan. 661, 47 Pac. 537, the court said:

"The rule is well settled, and has often been enforced by this court, that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the case."

See, also; *McPherson v. Storch,* 49 Kan. 313, 30 Pac. 480; *Loan Co. v. Lumber Co.,* 53 Kan. 677, 37 Pac. 132; *Norton v. Wood,* 55 Kan. 559, 40 Pac. 911; *Investment Co. v. National Bank,* 56 Kan. 49, 42 Pac. 321; *Bain v. Conn. M. Life Ins. Co.,* 3 Kan. App. 346, 40 Pac. 817; *Bonebrake v. Aetna Life Ins. Co.,* 3 Kan. App. 708, 41 Pac. 67. In *Norton v. Wood, supra,* Wood brought suit against John Norton, William Muff, and Henry Muff to recover judgment upon a promissory note executed by William Muff to him and to foreclose a mortgage on real estate securing the same. The petition alleged a conveyance of the land to Norton and Henry Muff for which they agreed to pay the amount due Wood. Personal service was secured on the two former, but Henry Muff was not served. Later Wood obtained personal judgment by default against Norton and William Muff and a decree foreclosing said mortgage. Subsequently Norton appeared and filed a motion to vacate said personal judgment as to him on certain grounds, which said motion was overruled, and Norton excepted and presented his petition in error to the Supreme Court for review. In that court Wood moved to dismiss the case because William Muff was not made a party. The court in passing said, in effect, that as the judgment was joint, after exhausting the mortgaged property, if anything remained due, execution might run against both judgment debtors, and, if collected from one, he would be entitled to contribution against the other, and that, such being the case, the other was a necessary party to the appeal, and sus-

tained the motion. And so we say in this case that, as the other two defendants not joining in this appeal would be manifestly affected by a reversal, they should have been made parties thereto.

Their absence as such defeats our jurisdiction to review said judgment, and for that reason this appeal is dismissed.

All the Justices concur.