## TUPELO TOWNSITE CO. v. COOK *et al.*

No. 5102.   Opinion Filed November 16, 1915.

Rehearing Denied December 7, 1915.

(153 Pac. 161.)

1.   **APPEAL AND ERROR—Necessary Parties—Dismissal of Appeal.** All parties to a joint judgment who appear from the record to have a substantial interest in sustaining or reversing the judgment, order and decree of, the trial court, or whose interests might be affected by a reversal, and new trial in the lower court, are necessary parties to an appeal, and this is not a question resting in the discretion of the appellate court, but is a fundamental question of jurisdiction, and where such parties are not brought into this court, either as plaintiffs or defendants in error, the appeal must be dismissed for want of jurisdiction.

2.   **SAME.** Where a joint judgment and decree is rendered against four parties, and the case-made is not served upon three of them, and they are not present, and have no notice of the signing and settling of the case-made, and are not made parties to the appeal in any way or manner, the appeal must be dismissed for want of jurisdiction.

(Syllabus by Robberts, C.)

*Error from District Court, Coal County;*
*Jesse M. Hatchett, Judge:*

Action by V. S. Cook against the Tupelo Townsite Company and others. Judgment for plaintiff, and the defendant named brings error. Dismissed.

See, also, 43 Okla. 199, 141 Pac. 1167.

*Fooshee & Brunson,* for plaintiff in error.

*A. T. West* and *Wimbish & Duncan,* for defendants in error.

Opinion by ROBBERTS, C. This case comes from the district court of Coal county and was brought by V. S. Cook, the defendant in error herein, to recover judgment on a promissory note, dated February 14, 1911, and for foreclosure of mortgage of same date. The note was signed by the Tupelo Townsite Company, a corporation, as principal, and Ed King and C. I. Brewer as sureties, and the mortgage was on certain lands in sections 35 and 36 in Twp. 2, R. 8 E., in that county, and was signed by the Tupelo Townsite Company. The amount claimed was $5,395, with interest at 10 per cent. per annum from date, and attorney's fees.

The prayer of the petition is as follows:

"Plaintiff prays that defendants be cited to answer this petition and upon final hearing he have judgment against defendants Tupelo Townsite Company, Ed. King, and C. I. Brewer, and each of them, for the principal sum of $5,395, the face of said note, together with interest thereon from date of said note until date, amounting to $741.88, and attorney's fee as provided in said note, amounting to $613.68, amounting in all to $6,750.56, and for his costs of this action, and for a judgment foreclosing the lien of said plaintiff on said property, to wit: The S. W. ¼ and W. ½ of S. E. ¼ of Sec. 36, T. 2 N., R. 8 E.; N. W. ¼ of the N. E. ¼, W. ½ of the N. E. ¼ of N. E. ¼, N. ½ of the S. W. ¼ of the N. E. ¼, all in Sec. 35,

T. 2 N., R. 8 E., except block 95—and for judgment quiet-ing plaintiff's title and lien on said above-described prem-ises and forever barring all of said defendants, J. E. Chriss, C. I. Brewer, R. E. Calloway, Ed King, George N. Gibbs, S. B. Brooks, Wiley W. Lowrey and W. L. Rucker, and Tupelo Townsite Company, and each of them from any lien, estate, interest, or title thereto, and that said mortgage premises be ordered to be sold to satisfy said judgment, and for such other, further, and special relief as plaintiff may be entitled."

Defendants were apparently served as required by law. All the defendants defaulted except Wiley W. Lowrey and S. B. Brooks, each of whom answered by general denial, and filed cross-petitions.

The defendant Wiley W. Lowrey in his cross-petition alleges, in substance, that on the 30th day of March, 1911, he entered into a written contract with the defendant C. M. Witter for the purchase of the lands in sections 35 and 36 described in plaintiff's petition and mortgage, and 528 town lots in the town of Tupelo, upon which contract he paid to said Witter the sum of $1,000 and agreed to pay the further sum of $12,000 upon delivery of a good and perfect title thereto, and that said defendant Witter had wholly failed to convey said property as agreed, whereby said cross-petitioner claimed a lien on each and all of said property for the sum of $1,000 and interest, and for which he prayed judgment and decree of foreclosure as follows:

"This defendant prays that none of the parties hereto take anything whatever as against him by reason of this suit or have any liens adjudged in their favor prior to the lien of this defendant against any of the premises above described, and that he have and recover of and from the defendants C. M. Witter and Tupelo Townsite Company, a corporation, the sum of $1,000 with 6 per cent. interest

23—52

thereon from March 24, 1911, until paid, and his costs herein expended and that he be adjudged to have a lien upon the premises above described to secure the payment of said sum, and that said premises be ordered sold according to law, and that from the proceeds of said sale payment be made, first, on the cost of said sale and this action; and, second, on the judgment of defendant herein; and, third, that the surplus, if any, be paid out according to the order of this court."

The defendant S. B. Brooks in his cross-petition alleges, in substance, that on the 25th day of April, 1911, the Tupelo Townsite Company, a corporation, made and delivered to this defendant its promissory note for $3,015, with interest, and that said note was duly indorsed by defendant C. M. Witter, whereby the defendants Tupelo Townsite Company and C. M. Witter became indebted to this defendant in the sum specified. That said note is long past due and not paid. That at the same time and place and as a part of the same transaction the defendant Tupelo Townsite Company, for the purpose of securing said note, mortgaged to said defendant certain real estate—describing it. The mortgages include the lands in sections 35 and 36 described in plaintiff's petition, and a large number of lots and blocks in the town of Tupelo, covered by defendant Lowrey's contract, but not included in plaintiff's mortgage. The petition alleges a breach of the mortgage contract, and prays for judgment and foreclosure of mortgage as follows:

"Wherefore this defendant prays judgment against the said defendants the Tupelo Townsite Company and C. M. Witter for the sum of $3,015, together with interest thereon at the rate of 10 per cent. per annum from April 25, 1911, and $250 attorneys' fees, amounting in all to $3,633.21, with interest at 10 per cent. from date of judgment and for costs of this action and for further judgment

foreclosing defendant's mortgage upon all of said property above described and for judgment quieting this defendant's title and lien on said above-described lands and premises and forever barring said defendants the Tupelo Townsite Company, C. M. Witter, W. R. Rucker, J. E. Chriss, R. E. Calloway, Geo. N. Gibbs, and Wiley W. Lowrey from any lien, estate, interest, or title thereto, and that said mortgage premises be ordered to be sold and the proceeds arising from the sale of the lands described in plaintiff's petition be applied: (1) To the payment of all costs of suit. (2) To the payment of Cook's debts. interest, and attorney s fees, the balance to be paid to this defendant, and that the lands and premises described in paragraph four of this answer be ordered sold and the proceeds therefrom be applied to the payment of this defendant's debt, interest, and attorney's fees, the balance to be paid as the court may direct and for such other and further relief as to the court may seem just and equitable in the premises."

These mortgages and liens were recorded in the order as follows: Cook's mortgage on February 11, 1911, at 2:30 p. m.; Lowrey's contract May 8, 1911, 10:40 a. m. The record does not appear to be certain as to when the Brooks mortgages were filed for record.

Demurrers were filed to the petition and cross-petition and overruled and exceptions saved. Answers and replies were filed and issues duly joined. Trial was had, and judgment and decrees rendered as follows:

"The court being fully advised in the premises finds: That all of the allegations and averments contained in plaintiff's petition filed herein are true, and that there is due him from the said defendant the Tupelo Townsite Company, a corporation, C. I. Brewer, and Ed. King on the note sued on in this action, the sum of $6,924.70, and the court further finds that plaintiff has a valid and subsisting lien on said lands and tenements in said petition described by virtue of the mortgage and set out in said petition to secure

the payment of said indebtedness, interest, attorney's fees, and costs, and that said mortgage has therein the words 'Appraisement waived.' The said property so included in said mortgage being described as follows: S. W. ¼ and W. ½ of the S. E. ¼ of Sec. 36, T. 2 N., R. 8 E.; N. W. ¼ of N. E. ¼, W. ½ of the N E. ¼ of N. E.¼ of the S. E. ¼ of the S. E. ¼, N. ½ of the S. W. ¼ of N. E. ¼, all in Sec. 35, T. 2 N., R. 8 E., except block 95.

"It is therefore ordered, adjudged, and decreed by the court, that the plaintiff, V. S. Cook, do have and recover of and from the said defendants the Tupelo Townsite Company, C. I. Brewer, and Ed King the sum of $6,385.20, the amount so as aforesaid found due to plaintiff, and the further sum of $539.50 as attorney's fees, and all costs and that said judgment bear interest from this date at the rate of 10 per cent. per annum.

"And the court further finds that the allegations and averments contained in the cross-petition of the defendant S. B. Brooks, filed herein, are true, and that there is due from the Tupelo Townsite Company and C. M. Witter, the indorser on said note to said defendant and cross-petitioner, S. B. Brooks, on the note and two mortgages sued on in this action, the sum of $3,015, with interest thereon from April 25, 1911, at the rate of 10 per cent. per annum aggregating the sum of $3,575.30 and reasonable attorney's fees, which the court finds to be the sum of $250, and that said judgment should bear interest at the rate of 10 per cent. per annum until paid; and the court further finds that the said defendant S. B. Brooks has a valid and subsisting lien on the lands and tenements in his cross-petition described by virtue of the two mortgages sued on and set out in said cross-petition to secure the payment of said indebtedness, attorney's fees and costs of said suit, and that said mortgages have the words, 'Appraisement waived;' that the property so included in one of said mortgages is situated in Coal county and described as follows: [Land in sections 35 and 36 described in Cook's mortgage]—on which said lands the court finds that S. B. Brooks has a second

mortgage, which is subject to the prior and first lien of the plaintiff, V. S. Cook, and another mortgage and lien on the following lands and tenements, situated in Coal county, Okla., to wit: [Lots and blocks in town of Tupelo described in Brooks' mortgage]—all in the town of Tupelo, Okla., according to the official plats thereof, now of record in said county, on which the court finds that the defendant S. B. Brooks has a first lien.

"It is therefore ordered, adjudged, and decreed by the court that said defendant and cross-petitioner, S. B. Brooks, do have and recover of and from the said defendant Tupelo Townsite Company, and C. M. Witter, the sum of $3,515.20, the amount so as aforesaid found due to said S. B. Brooks from said defendants, and the further sum of $250 as attorney's fees, making a total sum so due said defendant of $3,765.30, and that said judgment bear interest at the rate of 10 per cent. per annum until paid.

"It is therefore ordered, adjudged, and decreed by the court: That in case the said defendant Tupelo Townsite Company, C. I. Brewer, and Ed King fail for six months from the rendition of this judgment to pay to said plaintiff, V. S. Cook, the sum of $6,924.70, the amount so as aforesaid found due to said plaintiff, together with the interest thereon, and the cost of this action, and in case the said defendant the Tupelo Townsite Company and C. M. Witter fail for six months from the rendition of this judgment to pay to the defendant S. B. Brooks, the said sum of $3,765.30, the amount so as aforesaid found due to S. B. Brooks, together with the interest thereon, an order of sale issue by the clerk of this court to the sheriff of said county of Coal, State of Oklahoma, commanding him to advertise and sell according to law without appraisement, the lands and tenements set out in said petition and cross-petition, and hereinbefore described. That in making said sale, the sheriff is ordered and directed to offer for sale and sell said property in two parcels, to wit, first, the property covered by the mortgage to V. S. Cook, and described as follows: [Here lands in sections 35 and 36.] That the proceeds

arising from the sale of said lands and premises shall be paid and applied as follows: First, to the payment of the costs of said sale, and of this action. Second, to the payment to said plaintiff, V. S. Cook, the said sum of $6,924.70, the amount as aforesaid found due to said plaintiff, and the interest thereon. Third, the balance, if any, arising from said sale to be paid to said cross-petitioner and defendant S. B. Brooks, of the sum of $3,765.20, the amount so as aforesaid found due to said defendant S. B. Brooks, together with the interest thereon. Fourth, that the residue, if any there be, be paid into court to be disposed of as the court may determine as between the defendant the Tupelo Townsite Company, and the defendant and cross-petitioner Wiley W. Lowrey. If the amount derived from said sale of the property above described is insufficient to satisfy said judgment and costs of plaintiff, V. S. Cook, let execution issue in favor of plaintiff, V. S. Cook, against the defendant Tupelo Townsite Company, C. I. Brewer and Ed King for the remainder unpaid and due to said V. S. Cook.

"If the amount derived from the sale of said last above described tract of lands be insufficient to pay the amount so as aforesaid found to be due to said defendant and cross-petitioner, S. B. Brooks, then the said sheriff is ordered and directed to offer for sale and sell the following described lands and premises situated in Coal county, Okla., and described in the mortgage of the defendant S. B. Brooks to wit: [Here lots and blocks in town of Tupelo.] That the proceeds arising from the sale of said lands and premises last described be paid and applied as follows: First, to the payment of all costs incurred by the said defendant S. B. Brooks in this action. Second, to the payment to the said S. B. Brooks of any balance that may be due to him on his judgment for the said sum of $3,765.30, after having credited same with any balance that may remain from the sale of the first described lands, together with the interest thereon. Third, that the residue, if any there be, be paid into court to be disposed of as the court may determine, as between the defendant Tupelo Townsite Company, and the

defendant and cross-petitioner Wiley W. Lowrey. If the amount derived from the sale of the property last described is insufficient to satisfy said judgment and costs of the defendant S. B. Brooks, or any balance that may be due thereon, after having credited same with balance from the sale of the first described land, then let execution issue in favor of the defendant S. B. Brooks, for the remainder due and unpaid to said defendant S. B. Brooks.

"The court further finds that whatever right, title, or interest that the defendants Wiley W. Lowrey, R. E. Calloway, J. E. Chriss, W. L. Rucker, and George N. Gibbs have in and to said lands or any part thereof are inferior and subject to the mortgage and the rights of the plaintiff, V. S. Cook, and the defendant S. B. Brooks.

"It is therefore ordered, adjudged, and decreed by the court that from and after the sale of said lands and tenements under and by virtue of this judgment and decree that the said defendant the Tupelo Townsite Company, Wiley W. Lowrey, R. E. Calloway, J. E. Chriss, W. L. Rucker, and George N. Gibbs, and all persons claiming under them or either of them since the commencement of this action, be, and they are hereby forever barred and foreclosed of, and from any and all liens upon, right, title, interest, estate, or equity of, in or to said lands and tenements or any part thereof."

The record also shows that G. H. Adams, as the receiver of the First National Bank of Tupelo, asked leave to be made a party to said suit, on the ground that as such receiver he held several notes against the defendant Tupelo Townsite Company, and his application tendered his duly verified petition to the court praying for judgment thereon. This application was rejected, to which ruling of the court the receiver excepted.

Motions for new trial were overruled, exceptions saved, and defendant Tupelo Townsite Company brings error.

The case-made was served on plaintiff, V. S. Cook, and defendant S. B. Brooks. The record shows that neither C. M. Witter, C. I. Brewer, Ed King, nor G. H. Adams, as receiver of the First National Bank, was made party to the appeal. They were all parties to the joint, indivisible judgment. The case-made was not served on either of them, nor was it settled by or with the consent or knowledge of either of them.

The defendant in error V. S. Cook moves the court to dismiss the appeal because of said facts. This presents a question of the power and jurisdiction of this court to pass upon the matters involved in the appeal, and squarely raises the proposition as to whether either C. M. Witter, C. I. Brewer, Ed. King, or the receiver, was and is a necessary party to the appeal. As stated before, this is a joint judgment. A separate judgment could not have been rendered in the case.

The judgment declares in favor of plaintiff, V. S. Cook, for $6,924.70, against the defendant Tupelo Townsite Company, C. I. Brewer, and Ed King, with decree of first lien and foreclosure of mortgage upon the land in sections 35 and 36.

The judgment is also in favor of defendant S. B. Brooks against the defendants Tupelo Townsite Company and C. M. Witter for the sum of $3,765.30, with decree of lien on lands in sections 35 and 36 subject to lien of V. S. Cook and first lien on lots and blocks in town of Tupelo, and for foreclosure of mortgage. It is then ordered by the court that said property be sold and the proceeds applied to the payment of the costs and judgment of Cook and Brooks, "and the residue, if any there be, paid into court to be disposed of as the court may determine, as between

the defendant Tupelo Townsite Company and defendant Wiley W. Lowrey." And the court further decrees that "whatever right, title, or interest that the defendants Wiley W. Lowrey, R. E. Calloway, J. E. Chriss, W. L. Rucker, and George N. Gibbs have in and to said lands or any part thereof, are inferior and subject to the mortgages and the rights of the plaintiff, V. S. Cook, and the defendant S. B. Brooks." It will be remembered that the defendant C. M. Witter is an indorser on the note to S. B. Brooks, and that judgment was rendered against him and the Tupelo Townsite Company on said note for $3,765.30, with decree of foreclosure of mortgage; and that he (Witter) looks to the sale of said real estate to pay said judgment, but defendant Lowrey also claims a lien on the same real estate. Suppose the judgment should be reversed, Lowrey would, or at least could, insist in the trial court that he had a prior lien on said property. It must be apparent to all that Witter is materially interested in sustaining this judgment. He was therefore not only a proper, but a necessary, party to this appeal. The plaintiff also recovered judgment against the Tupelo Townsite Company and C. I. Brewer and Ed King, and a decree of foreclosure, with an order to sell the real estate to pay said judgment. Brewer and King were not made parties to the appeal. The case-made was not served on them or either of them. They are certainly interested in sustaining the order for the sale of the real estate, and also in the decree that plaintiff's mortgage was the prior and first lien on said land. They were necessary parties to the appeal for the reason that their rights might be seriously affected in a new trial. A mere statement of the facts is sufficient.

The receiver should also have been made a party to the appeal. These are not questions resting in the discre-

tion of the court; they are fundamental questions of jurisdiction which cannot be waived by the parties or disregarded by the appellate court.

The rule laid down by a long line of decisions in this court is as follows:

"One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court." (*Wedd v. Gates,* 15 Okla. 602, 82 Pac. 808; *Humphrey v. Hunt,* 9 Okla. 196, 59 Pac. 971.)

"All persons who are parties to the proceeding in the trial court, and whose interests will be affected by the reversal of a judgment on appeal, must be brought in and made parties in the appellate court, or the proceeding will be dismissed." (*Weisbender v. School District,* 24 Okla. 173, 103 Pac. 639; *John v. Paullin,* 24 Okla. 636, 104 Pac. 365; *Hughes v. Rhodes,* 25 Okla. 172, 105 Pac. 650; *Seibert v. First National Bank,* 25 Okla. 778, 108 Pac. 628.)

"All persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the case." (*Vaught v. Miners' Bank,* 27 Okla. 100, 111 Pac. 214; *Burns v. Toney,* 27 Okla. 728, 117 Pac. 209.)

As stated before, this is not discretionary with this court. The appeal must be dismissed for want of jurisdiction.

By the Court: It is so ordered.