J. S. PERKINS, *as Receiver of the Argentine Bank,*
v. SAMUEL JOHNSON *et al.*

### No. 393.

APPELLATE PROCEDURE — *Necessary Parties — Joint Debtors.*
Where a party seeks by the judgment of the court of appeals to
increase the burdens of one joint judgment debtor, and thereby
relieve the burdens of another, a condition precedent is that he
bring them both into court; and where all of such joint judg-
ment debtors to be affected are not brought into court, the peti-
tion in error should be dismissed.

Error from Johnson district court : JOHN T. BURRIS,
judge. Opinion filed January 6, 1898. Dismissed.

*C. L. Randall,* and *W. L. P. Burney,* for plaintiff in
error.

*Parker & Hamilton,* for defendants in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought June 29,
1893, by the Argentine Bank against James McDon-
ald, Samuel Johnson, Mitchell Johnson, Annie Hayes,
James T. Cuff, Mary B. Schiefer (formerly Cuff ),
Christian Schiefer, Thomas J. Bradbury, D. Hubbard,
and H. A. Taylor, to charge Annie Hayes, James T.
Cuff, and Mary B. Schiefer, as makers, and Mitchell
Johnson and Samuel Johnson, as indorsers, of a $400
note, and to foreclose a mortgage. The petition con-
tained the usual allegation that the other defendants
had or claimed an interest in the real estate, subject
and inferior to the plaintiff's mortgage. Personal serv-
ice was made upon Mary B. Schiefer, Annie Hayes,
Thomas J. Bradbury, the present owner of the lands,
and D. Hubbard, a mortgagee ; the other defendants
were served by publication only.

The defendant Bradbury filed a verified answer,

containing a general denial, and averring that the
note was without consideration, fraudulent, and void,
and that the note and mortgage were not delivered to
Samuel Johnson; denying that Mitchell Johnson was
at any time the owner of, or had any authority to in-
dorse or sell, the note and mortgage, and averring that
he had knowledge of the frauds; denying that the
plaintiff was the owner of the note and mortgage, and
averring that plaintiff took and received them with
knowledge of the frauds, and notice of the pendency
of a suit to annul the same; alleging the minority of
James T. Cuff at the time of the execution of the note
and mortgage, and the cancellation of the same, in a
suit brought for that purpose, for such minority, for
want of consideration, and for fraudulent representa-
tions made by Samuel Johnson, and pleading the judg-
ment in that suit as a bar in this action; averring
that the defendant was the owner in fee simple by
purchase, and was in possession of the lands, and
that he purchased the lands in good faith, free and
clear of any record liens, except the Hubbard mort-
gage of $500. The defendant Hubbard answered sub-
stantially the same as Bradbury, and then set up the
execution and delivery of a mortgage by James T.
Cuff, Mary B. Schiefer, and Christian Schiefer, May
13, 1890, to secure the payment of a note of $500, by
reason of which he claimed a first lien upon the mort-
gaged premises. The plaintiff dismissed his action
without prejudice as to James McDonald. H. A.
Taylor filed a disclaimer. The other defendants were
in default. The plaintiff's reply was a general denial.

The record shows that on August 30, 1889, Annie
Hayes, Mary B. Cuff, and James T. Cuff, a minor,
were induced, by the false and fraudulent representa-
tions of Samuel Johnson and one Fisher, to trade val-

uable property for a worthless saloon property in Kansas City; and, by the same tactics, were induced to execute and deliver to Samuel Johnson a note in the sum of $400 and a mortgage upon the northeast quarter of the southwest quarter of section 3, township 12, range 24, as a commission for making the fraudulent trade. On September 5, the mortgagors brought suit in the district court of Johnson county to have the note and mortgage declared void on account of the minority of James T. Cuff and on account of the frauds of Samuel Johnson. Mitchell Johnson and the Argentine Bank were not made parties to that action. The court decreed the note and mortgage void. The Cuffs borrowed of the defendant Hubbard, May 13, 1890, the sum of $500, securing the same by a mortgage upon the land in litigation. Afterward the mortgagors sold and conveyed the land to Sidney Jarvis, who assumed the payment of the Hubbard mortgage. Jarvis sold and conveyed the lands to defendant Bradbury, who assumed the payment of the mortgage, and Bradbury was the owner of the land at the time of the trial in the lower court.

On September 5, 1889, Samuel Johnson sold and assigned the note and mortgage to his brother, Mitchell Johnson, who, on October 11, 1889, indorsed and assigned them to the Argentine Bank, as collateral for a loan of $231.50. The court made special findings, and rendered judgment that the plaintiff recover of the defendants Mary B. Schiefer and Annie Hayes the sum of $305, and adjudged that the mortgage in plaintiff's petition described was void, so far as it affected the rights of the defendants Hubbard and Bradbury, that it was a cloud upon the title of Bradbury, and that the same should be removed, and that the defendant Bradbury should have the land

free and clear from the lien of the said mortgage. The plaintiff filed his motions for judgment and for a new trial, which were overruled, and he now presents the case to this court for review.

The first question presented for consideration is the motion of Bradbury and Hubbard to dismiss the petition in error for the reason that Samuel Johnson, Mitchell Johnson, Annie Hayes, James T. Cuff, Mary B. Schiefer and Christian Schiefer are necessary parties to this proceeding and have not been brought into court; and that, more than one year having elapsed since the trial of the case, they cannot now be made parties. It is a settled principle in this state that it is not necessary to bring all the parties to the record into the appellate court, but that the parties whose interests may be prejudicially affected must be brought into court. (*Steele v. Baum*, 51 Kan. 165, 32 Pac. Rep. 922; *Norton v. Wood*, 55 id. 559, 40 Pac. Rep. 911.) The practice is uniform that, if the parties to the record not brought into the appellate court may be adversely affected by the appellate decision, the petition in error must be dismissed.

The absent defendants, James T. Cuff, Mary B. Schiefer, Christian Schiefer, and Annie Hayes, may be affected by a modification or a reversal of the judgment entered by the trial court. They are directly interested in the question whether the plaintiff's mortgage should be declared a lien upon the lands in question for the payment of its judgment. James T. Cuff, Mary B. Schiefer and Christian Schiefer executed the mortgage set out in defendant Hubbard's answer; and by the terms of the mortgage they covenanted that at the delivery thereof they were the lawful owners of the premises granted, seized of a good and indefeasible estate of inheritance therein, free and clear of all

Perkins v. Johnson.

incumbrance, and that they would warrant and defend the same. The same grantors conveyed the lands in question by a deed to Sidney Jarvis, and James T. Cuff and Mary B. Schiefer covenanted that at the delivery thereof they were the lawful owners of the premises, seized of a good and indefeasible estate of inheritance therein, free and clear of all incumbrance except a mortgage of $500 given to D. Hubbard, and that they would warrant and defend the same. The judgment against Mary B. Schiefer and Annie Hayes for $305, with interest and costs of suit, is joint. It may be collected from either or both. But if one of the joint debtors should pay the amount of the judgments she should have a valid claim upon the other for contribution. If this court should reverse the judgment, Hayes might be relieved entirely. If this court should award the plaintiff a first lien upon the real estate in litigation, Hayes would be thereby relieved of the judgment to the extent of the value of the lands.

Again, if the plaintiff should secure a reversal of the judgment, and then procure the entry of the desired decree awarding it a first-mortgage lien upon the real estate in question, with an order that the mortgaged premises be sold and the proceeds of the sale be applied to the payment of the judgment and the costs of suit, a liability might be thereby fixed as against these absent parties upon the covenants of warranty in the Hubbard mortgage and in the Bradbury deed. The entry of the judgment contended for by the plaintiff would inevitably, to some extent, relieve Hayes from the judgment of the trial court, and might increase the burdens, as now fixed, upon Schiefer. Where a party seeks by the judgment of this court to increase the burdens of one joint judgment debtor and relieve the

burdens of another, a condition precedent is that he bring them both into court. This court cannot award the plaintiff in error the relief sought, in the absence of the joint judgment debtors who would be affected thereby.

The petition in error must be dismissed for want of necessary parties.