# COURTS OF APPEALS,
## STATE OF KANSAS.

### SOUTHERN DEPARTMENT.

#### PRESENT:

Hon. A. W. DENNISON, Presiding Judge.
Hon. B. F. MILTON,      } Associate Judges.
Hon. M. SCHOONOVER,

---

George L. Pratt v. The First National Bank of Arkansas City, Kansas.

###### No. 369.*

Practice, Courts of Appeals — *Necessary Parties.* Where a joint judgment was rendered against the maker and the guarantor of a promissory note, the maker of the note is a necessary party to proceedings in error for a review of such judgment.

Error from Cowley district court; A. M. Jackson, judge. Opinion filed July 13, 1898. Dismissed.

*Wall & Brooks,* for plaintiff in error.

*Pollock & Lafferty,* for defendant in error.

The opinion of the court was delivered by

Milton, J. : George L. Pratt seeks the reversal of a judgment rendered against himself and D. J. Buckley, jointly, in favor of the First National Bank of Arkansas City, Kansas, upon a promissory note for $1000, exe-

---

* Petition for order to certify denied by supreme court August 3, 1898.—Rep.

1—8 kan. app.

cuted by Buckley to the bank as payee, and indorsed in blank by Pratt, who thereby became a guarantor. Buckley has not been made a party to the proceedings in error, although he filed an answer and appeared at the trial in the district court. The failure so to join him is made the principal ground of the motion to dismiss filed by the defendant in error. The motion must be sustained. In the case of *Manufacturing Co. v. Richardson*, 57 Kan. 661, 47 Pac. 537, the court said :

"The rule is well settled, and has often been enforced by this court, that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and that a failure to join any of them either as plaintiffs or defendants is ground for the dismissal of the case."

Among the cases cited as supporting that decision is *Bonebrake v. Ætna Life Ins. Co.*, 3 Kan. App. 708, 41 Pac. 67, in which the syllabus reads :

"A joint judgment rendered against the principal and sureties on a bond cannot be reviewed or disturbed by proceedings in error when the principal to such judgment is not made a party in the appellate court, and no valid reason appears for such omission."

The petition in error is dismissed.