STEELE & WALKER v. J. D. BAUM.

PETITION IN ERROR—*Defect of Parties—Dismissal.* Where the party chiefly interested adversely to the plaintiff in error is not made a party to the proceedings in this court by summons or otherwise, and more than a year has expired after the rendition of the judgment complained of, the petition in error must be dismissed.

### *Error from Thomas District Court.*

PROCEEDINGS in attachment by *Steele & Walker* against *J. D. Baum.* A motion by Enoch Baum to discharge the attachment was sustained, and the plaintiffs come to this court. The opinion states the facts.

*John R. Hamilton,* for plaintiffs in error.

*W. S. Willcoxon,* and *E. A. McMath,* for defendant in error:

The motion of defendant in error should be sustained. The absence of a party to the order or judgment appealed from, who will necessarily be affected by a modification or reversal of the said judgment or order, defeats the jurisdiction of the court, and there can be no review of any part of such order or judgment. *Paving Co. v. Botsford,* 50 Kas. 331; *Ferguson v. Smith,* 10 id. 394; *Richardson v. McKim,* 20 id. 346.

The opinion of the court was delivered by

HORTON, C. J.: On the 17th day of August, 1889, Steele & Walker brought their action against J. D. Baum to recover $235.60. At the time of commencing the action, they procured an order of attachment against the property of the defendant. This order of attachment was levied upon certain real estate at Rexford, in Thomas county, as the property of J. D. Baum. On the 9th of November, 1889, J. D. Baum filed a motion to set aside the attachment. On November 14, 1889, one Enoch Baum also filed a motion to discharge the attachment as to the real estate levied upon, on the ground that he was the owner thereof, and that J. D. Baum had no inter-

est therein. On the 28th of March, 1890, the motion of J. D. Baum to set aside the attachment was overruled, but the motion of Enoch Baum to discharge the property attached was sustained. The petition in error was filed in this court upon April 29, 1890. The order overruling the motion of J. D. Baum is not complained of. The error alleged concerns the motion of Enoch Baum. The title of the case in this court is Steele & Walker, plaintiffs in error, v. J. D. Baum, defendant in error. The *præcipe* filed in this court for a summons is in the case of Steele & Walker v. J. D. Baum. Although there is a reference to Enoch Baum in the petition in error, he is not a party in the title of the proceedings pending in this court. No summons has ever been directed to be served upon him, or his attorneys. The only party interested adversely to Steele & Walker is Enoch Baum, and he has not been made a party to these proceedings, and has not been brought into this court in any way. The record shows that Enoch Baum is not united in interest with J. D. Baum, and notice to J. D. Baum is therefore no notice to him. It is now too late for him to be made a party to the proceedings, or brought into this court by summons. Much more than a year has expired since the date of the order and judgment complained of. (*Ferguson v. Smith*, 10 Kas. 394; *Richardson v. McKim*, 20 id. 346; *Paving Co. v. Botsford*, 50 id. 331, 31 Pac. Rep. 1106.)

The motion to dismiss must be sustained.

All the Justices concurring.