THE BANK OF STOCKHAM, *a corporation,* v. BERNHARD WEINS.

(Filed February 5, 1903.)

1. FOREIGN JUDGMENT—Action Upon. An action on a foreign judgment must be brought within one year from the time the action accrues thereon.

2. STATUTE OF LIMITATIONS—When Begins to Run. An appeal from the final order and judgment of the district court to the supreme court, in the absence of a supersedeas or stay bond, does not postpone or suspend the operation of the statute of limitations.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge.*

*W. H. C. Taylor,* for plaintiff in error.

*Mackey & Simons,* for defendant in error.

Opinion of the court by

HAINER, J.: This action was commenced in the district court of Grant county, Oklahoma, on October 8, 1901, by the

plaintiff in error, the Bank of Stockham, against Bernhard Weins. The amended petition contains two causes of action: but at the trial of said cause the plaintiff dismissed its second cause of action. The material averments in plaintiff's first cause of action, in its amended petition, are as follows:

That on May 11, 1899, the district court of Hamilton county, in the state of Nebraska, in an action then and there pending, wherein Isaac R. Alter and Herbert H. Glover, co-partners, doing business under the style and firm name of Alter and Glover, were plaintiffs, and this plaintiff, the Bank of Stockham, was defendant, and Bernhard Weins and Herman Weins were intervenors, that said court duly rendered a judgment against said defendant, and said intervenors, in favor of the plaintiffs, Alter and Glover, in the sum of $2,619.29, and costs of suit; that an appeal was duly taken from said judgment to the supreme court of the state of Nebraska by the plaintiff and defendant herein, and on February 20, 1901, said judgment was affirmed. (*Bank of Stockham v. Alter and Glover,* 85 N. W. 300.) That on May 1, 1901, said Bank of Stockham, plaintiff herein, paid the amount of said judgment against it and the defendant herein, to Alter and Glover, and in consideration thereof said Alter and Glover assigned said judgment to the plaintiff herein, and plaintiff is now the owner thereof, and that defendant is indebted on said judgment to plaintiff, in the sum of $2,619.29. The defendant answered by a general denial, and specially pleaded that the cause of action was barred by the statute of limitations. The cause was tried by the court without the intervention of a jury, and the court found the issues in favor of the defendant and against the plaintiff, and render-

ed judgment accordingly.    From this judgment the plaintiff appeals.

The final order and judgment of the district court in Nebraska was made and rendered on May 11, 1899, and no supersedeas or stay bond was made or filed on behalf of either the Bank of Stockham or Bernhard and Herman Weins, either in the district court or in the supreme court.    It further appears that the defendant, Bernhard Weins, permanently removed from the state of Nebraska in 1894, and ever since that time has been a *bona fide* resident of Grant county, Oklahoma.    The right of action therefore accrued in this case on the judgment on May 11, 1899, and the fact that the cause was appealed to the supreme court of Nebraska did not postpone or suspend the operation of the statute of limitations. The statutes of this territory provide that an action on a foreign judgment can only be instituted within one year from the time the action accrues thereon.    Since this action was not commenced until October 8, 1901, and more than one year having intervened from the date of the rendition of the judgment in the district court of Nebraska, the defendant's plea of the statute of limitations was properly sustained by the court below.

But it is earnestly contended by counsel for plaintiff in error "that plaintiff having paid the judgment against Bernhard Weins which was his debt, under compulsion, the plaintiff is entitled to recover in assumpsit as upon a payment made to and for his use."    But this is a misapprehension of the record, and the theory upon which the cause was tried in the district court.    The plaintiff based his first cause of ac-

tion solely upon the ground that he was the assignee of the judgment, and was entitled to recover thereon.   Certainly the assignee of a judgment has no greater right under it than the assignor.   The record discloses that the judgment was a joint one against the plaintiff in error and defendant in error. The law seems to be well settled that where a judgment is joint, against two or more defendants, both are regarded as principals, unless by proof *aliunde* one is shown to be a surety, and where one of them pays the whole amount of the judgment, he is not therefore entitled to an execution, for use against his co-defendant, unless he himself has been judicially determined to be only a surety.   (2 Black on Judgments, sec. 996.)

The mode of rendering a judgment in order to make it appear upon the record who was the principal debtor, and who was surety, is controlled by the statute in Oklahoma as well as in Nebraska—the provisions of the code being the same in both jurisdictions. (Oklahoma code of civil procedure, section 485; Nebraska code of civil procedure, section 511.)

In this case there was no question of suretyship raised in the court in which the judgment was rendered, and which is made the basis of this action, and hence it cannot be considered for the first time in this court.   Whether one of several defendants against whom a joint judgment has been rendered, may pay the judgment and take an assignment of it, or be subrogated to the rights of the creditors as against his co-defendants, or keep the judgment alive in any manner or for any purpose, is a question upon which the authorities

seem to be divided. (Freeman on Judgments, [3rd edition] sec. 472; 2 Black on Judgments, sec. 995. )

But as it is not necessary for us to pass upon this question for a determination of this cause, we express no opinion thereon.

The judgment of the district court of Grant county is therefore affirmed.

Beauchamp, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.