STRANGE *et al.* v. CRISMON.

No. 2143, Okla. T.   Opinion Filed December 21, 1908.

(98 Pac. 937.)

1.   **APPEAL AND ERROR—Dismissal—Defect of Parties.** Every
     necessary party to an appeal must either make a general appear-
     ance within the year following the rendition of the judgment or
     the entering of the final order appealed from, or summons must
     issue within such time and service thereof be had upon the de-
     fendant in error, and when not so done, the appeal will be dis-
     missed.

2.   **SAME.** A petition in error by two of three defendants, against
     whom judgment was entered jointly for the recovery of a speci-
     fied sum, to which the other defendant is neither made a party
     plaintiff nor defendant in error, must be dismissed for want of
     necessary parties.

(Syllabus by the Court.)

*Error from District Court, Pawnee County; B. T. Hainer, Judge.*

Action by John Crismon against Edward Strange and others.
Judgment for plaintiff, and defendants bring error. Dismissed.

On the 5th day of February, A. D. 1904, the defendant in
error, John Crismon, as plaintiff, commenced this action in the
district court of Pawnee county, Okla. T., against the plaintiffs
in error, Edward Strange and his wife, Gertrude Strange, and S.
E. Horton and others, as defendants, by petition, alleging that on
the 14th day of October, A. D. 1902, the defendants Edward
Strange and Gertrude Strange made, executed, and delivered to
S. E. Horton their certain promissory note of that date, by the
terms of which they agreed and promised to pay to the said S.
E. Horton or order the sum of $1,000 on the 14th day of Octo-
ber, A. D. 1903, with interest thereon at the rate of 12 per cent.
per annum from date until paid; that no part of same had been
paid, and that there was then due and owing thereon the sum
of $1,156.66, principal and interest, and an additional sum of $110

as attorney's fees, provided in said note to be paid by said defendants in the event that the same should be given to an attorney for collection; that said attorney's fee therein provided is reasonable, just and fair for the collection of said note, and that there was then due and owing on said note, including interest and attorney's fees as aforesaid, the sum of $1,266.66.

It is further alleged that prior to the maturity of said note, in the ordinary course of business, the said S. E. Horton sold, delivered and indorsed the same to the plaintiff, who ever since then had been, and still is, the owner thereof. Said note was dated at Pawnee, Okla. T., October 14, 1902, and payable on October 14, 1903, after date, without grace, to the order of the said S. E. Horton in the sum of $1,000, for value received, in Pawnee, Okla. T., to bear interest at the rate of 12 per cent. per annum from date until paid; the interest, if not paid when due, to become a part of the principal, and to bear the same rate of interest, and if not paid when due, and the same should be given to an attorney for collection, it is agreed that 10 per cent. of the principal, and $10 additional to said 10 per cent., should be paid as attorney's fees.

Plaintiff further alleged that at the time of the making of said note by the said defendants they were seised with an indefeasible estate of inheritance in and to lot No. 15, in block No. 35, in the town of Pawnee, in Pawnee county, Okla. T., according to the official plat of said town, and whilst so seised they made, executed, and delivered to the said S. E. Horton, to secure the payment of said note, their certain mortgage on said real estate, conveying all of said tract of land, with covenants and warranty, to the said S. E. Horton; that said mortgage was duly filed for record on the 15th day of October, 1902, in the office of the recorder of deeds, and recorded in book 6 of the record of mortgages at page 418; that said note was indorsed by the said S. E. Horton and delivered to the plaintiff, by which plaintiff is entitled to all the benefits and rights under said mortgage, and that no part of said note has been paid, and by reason of the breach of the conditions

of said mortgage plaintiff is entitled to a foreclosure thereof, by the terms of which appraisement is expressly waived; that the other defendants herein, Harve Adams, J. B. Friedman, and Minnie Friedman, and the partnership estate of Strange & Adams, composed of Edward Strange and Harve Adams, have, or claim to have, some right, title, or interest or equity in and to said tract of land or lot adverse to plaintiff's claim by virtue of said mortgage. Plaintiff alleges that all of said right, title, and interest, if any they have, is inferior and subject to said mortgage and all of its conditions.

Plaintiff then prays for a judgment against the said Edward Strange, Gertrude M. Strange, and S. E. Horton for the said sum of $1,266.66, with interest thereon from that date at the rate of 12 per cent. per annum, and that said mortgage be foreclosed as to all of the defendants therein named, and that they each and all be forever barred and foreclosed from all right, title, and interest to said lot or tract of land and every part thereof, and that all of their said interests be adjudged to be subsequent to said mortgage lien, and that said property be sold according to law without appraisement, to satisfy said mortgage and debt, and that the proceeds of such sale be applied to the satisfaction thereof. Said mortgage was acknowledged by the said Edward Strange and Gertrude M. Strange, as provided by law.

Afterwards, on the 24th day of February, A. D. 1904, the defendants Edward Strange and Gertrude Strange filed their separate answer to plaintiff's petition, wherein they denied each and every allegation contained therein, except as otherwise specifically admitted. Further pleading, they alleged that about 1902 the defendant Edward Strange and his codefendant S. E. Horton entered into a partnership for the purpose of conducting a meat market business in said town. That each put in as capital stock in said partnership the sum of $1,000, and the same was conducted under the firm name and style of Edward Strange, the said Horton being a silent partner in the business. That on the 14th day of

October, 1902, the said partnership being in need of funds for the purpose of increasing the capital stock thereof, the said Edward Strange and Gertrude M. Strange executed and delivered to their codefendant S. E. Horton, the note and mortgage referred to in plaintiff's petition, and the said Horton, as a part of the consideration of said transaction, placed in said business the $1,000 represented by said note and mortgage, and for the purpose of securing further credit to said partnership deposited said note and mortgage in the Pawnee County Bank, and borrowed thereon, for the use and benefit of said partnership, the sum of $600, which was thereafter increased to $1,000. That said business continued until the 14th day of February, 1903, when the said defendant Edward Strange sold his interest therein to said S. E. Horton; the said Horton taking the assets of said partnership at the invoice price of $2,294.25, no part of which has ever been paid to said Strange. A memorandum of said agreement between said Edward Strange and S. E. Horton, dated on the 14th day of February, 1903, is as follows:

"The said Ed Strange and S. E. Horton are now equal partners in ownership of the Palace Meat Market, each owning one-half of its assets, and each liable for one-half of its debts. The said Ed Strange has this day sold to the said S. E. Horton his interest in said business at invoice price. They agree to this and make settlement on this basis according to invoice price which has been taken. In this case the book accounts are to remain the joint property of the two each owning one-half of the same as they collect them. The said S. E. Horton has this day placed in the hands of the First Nat'l Bank of Pawnee, the sum of $500.00 as guaranty that he will carry out this agreement in good faith."

That the book accounts mentioned in said memorandum have since that date been collected, and the proceeds thereof divided equally between the said Edward Strange and S. E. Horton. That the indebtedness of the said partnership at the time of the purchase by said plaintiff of the note and mortgage mentioned in said petition had been paid. That at the time plaintiff purchased the note and mortgage sued on, the said S. E. Horton was indebted to

the defendants upon the settlement of their partnership account, over and above the amount represented in said note and mortgage, and for which reason the defendants were not then indebted to said S. E. Horton in any amount whatsoever. That the exact amount is unknown to the defendants, and cannot be determined without an accounting between the said S. E. Horton and the defendant Edward Strange. That by the said offset the said note has been paid in full.

The defendants then prayed that the plaintiff take naught by reason of the action on said note, and that an accounting be ordered between these defendants and their codefendant S. E. Horton, and upon said accounting being taken, that the said note and mortgage mentioned in said petition be by order of court cancelled, and the title to said real estate or lot be quieted in favor of the said defendants, who are the legal owners and in the peaceable possession thereof, and for such other and further relief as may be equitable and just.

On the 17th day of May, A. D. 1905, the plaintiff, by leave of court, filed his reply to said answer, wherein he admitted that the defendants S. E. Horton and Edward Strange were partners, as alleged, and that said Horton executed the memorandum agreement as alleged. Plaintiff further alleged that at the time of the execution of said memorandum agreement, and the purchase of said interest of said Edward Strange in said partnership business, the said partnership was largely indebted to plaintiff in an amount and to an extent to the plaintiff unknown; that so much of said indebtedness as is known, and which plaintiff has been able to learn, is set out in detail in said reply, except that plaintiff further alleges that the partnership was further indebted in the sum of $400, with accrued interest, which sum was included in a certain promissory note made by said Edward Strange, S. E. Horton, and W. C. Horton, payable to the Pawnee County Bank; that the said sum of $400 was borrowed for the use and benefit of said partnership, and that the same was still due and unpaid at the

time of the purchase by the said S. E. Horton of the said Edward Strange's interest in said partnership business; that afterwards, the said S. E. Horton being insolvent, and the said Edward Strange being wholly insolvent, the said Horton paid all of the indebtedness of said partnership, and the said Strange has never reimbursed the said Horton therefor, and is consequently indebted to the said Horton for one-half the amount thereof, which should justly and equitably be applied on the aforesaid purchase price of the interest of said Strange in said business.

Plaintiff, further replying, alleged that the principal sum of $600 was borrowed for the sole use and benefit of said Edward Strange, and that the said S. E. Horton and W. C. Horton were sureties thereon; that the said S. E. Horton, on the 1st day of February, 1904, paid off and discharged the said note entirely, and all of the said debt of said Edward Strange thereon in the amount of $600, with accrued interest, and the said Edward Strange has never reimbursed the said S. E. Horton therefor, and has ever since been indebted to the said S. E. Horton for the amount of $600 by reason of the payment of said note. Plaintiff further alleges that in equity the said sum should be set off against any liability of the said S. E. Horton to the said Edward Strange. Further replying, plaintiff alleged that, at the time of the sale of the interest of said Strange to said S. E. Horton in said business, the said Strange was indebted to the said S. E. Horton in the sum of $100 for money loaned to said Strange by said S. E. Horton prior to that date, which said loan was a personal one, not connected with said business, and that no part of said loan has ever been paid by the said Strange to the said S. E. Horton, and the same is justly a set-off on the aforesaid claim of said Strange, as set up in his answer, and plaintiff asks that it be so set off. Plaintiff thereupon prayed that all of the aforesaid sums and items which the said S. E. Horton has paid for the benefit of the partnership, since its dissolution, out of her own funds, together with all the items of indebtedness wherein she was security for said Edward Strange

upon his personal liabilities, together with all liabilities owing by said firm to the said S. E. Horton, be set off against any liability owing from the said S. E. Horton to said Edward Strange by reason of said memorandum of contract set out in defendants' answer.

Afterwards, on the 1st day of November, A. D. 1905, said cause coming on regularly for hearing, by agreement of all parties thereto Fred Hunt was duly appointed referee, and such referee having duly qualified by taking the oath prescribed by law, on the 14th day of November, A. D. 1905, made his findings of fact and conclusions of law, as follows:

### "Issues of Fact.

"First. That the referee finds that the allegations of plaintiff's petition are true; that the defendants Edward Strange and Gertrude M. Strange for a valuable consideration executed and delivered to the said S. E. Horton the promissory note and mortgage set out in plaintiff's petition, and that thereafter, and before the maturity of the said note, the said S. E. Horton duly sold, assigned, indorsed, and delivered said note to said plaintiff for a valuable consideration, and at the same time transferred and delivered to the said plaintiff the said mortgage, and that the said plaintiff is the owner and holder thereof—to which defendants except.

"Second. That said note has not been paid, nor any part thereof, and that there is due from said defendants Edward Strange and Gertrude M. Strange to the said plaintiff, upon the said note, of principal and interest accrued to this date the sum of $1,365, together with the additional sum of $146.50, as attorney's fees, as provided for in said note, and an aggregate amount due, as aforesaid, upon said note of $1,511.50—to which defendants except.

"Third. The referee further finds that the defendants are entitled to take nothing under the second paragraph of their separate answer; that to determine the allegations of said answer necessitates a partnership accounting between the said defendants Edward Strange and S. E. Horton, and that the same is inadmissible as a defense by the said defendants against the cause of action set out in plaintiff's petition—to which defendants except.

"Wherefore the referee recommends to the court that judgment be rendered on the note and mortgage set out in the plain-

tiff's petition, in the sum of $1,511.50, and that the property described in said mortgage be ordered to be sold, without appraisement, in the manner provided by law, for the satisfaction of said indebtedness and the costs and expenses of said case. And that, after said sale and confirmation thereof, the said defendants, Edward Strange, Gertrude M. Strange, S. E. Horton, J. B. Friedman, Mame Friedman, and Edward Strange and Harve Adams, partners as Strange & Adams, be forever barred and foreclosed from and of all rights, title, interest, lien, or equity in or to the real estate described in plaintiff's petition—to which defendants except."

On the 11th, day of May, A. D. 1906, said cause came on for hearing upon the report of the referee and the motion of plaintiff to confirm the judgment and the exceptions of the defendants. Whereupon the court sustained the motion of the plaintiff, confirmed the report of the referee, and overruled the exceptions of the defendants Edward Strange and Gertrude M. Strange. Within three days thereafter said defendants filed their motion for a new trial, on the grounds: (1) That the findings and rulings of the referee are not supported by sufficient evidence, and are contrary to law; (2) that the decree of the court upon the rulings of the referee is not sustained by, and is contrary to, the law; (3) that the decision of the court in refusing said defendants a hearing upon their counter-claims and offset therein was in error and contrary to law—which motion was, on the 28th day of May, A. D. 1906, overruled by the court. Said defendants were allowed time within which to serve a case-made, and the suggesting of amendments thereto, and the case-made was duly presented, signed, and settled upon notice. The case was taken by petition in error to the Supreme Court of the territory of Oklahoma, and afterwards transferred to this court, in accordance with the terms of the Enabling Act. Act June 16, 1906, c. 3335, 34 Stat. 267.

*E. M. Clark*, for plaintiffs in error.
*Poe, Biddison, Campbell & Eagleton*, for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). The defendant in error insists that this proceeding in error should be

dismissed for want of necessary parties. It is contended that the plaintiff in error Edward Strange, having pleaded that he had a right to an accounting between himself and his co-defendant S. E. Horton, this would have occasioned a judgment against the said Horton, if on accounting it had been found that she was indebted to the said Strange in excess of the amount of the note upon which the action is based. In the proceedings before the referee the said Strange filed his account against the said S. E. Horton, and she filed her account against the said Edward Strange, and upon this the referee found that no accounting in that action should be taken, and that the said Strange should take nothing upon the said claim for an accounting. The set-off of any balance that may be found due said Strange on such accounting against the note is merely a matter of incident, after the determination of the fact that there is such a balance due. If the case should be reversed and remanded for a new trial, the said S. E. Horton's interest, in maintaining the judgment of the lower court that no accounting should be taken, would have been determined here without giving her the right to be heard; she not having been made a party, either as defendant or plaintiff, in this proceeding in error.

Every necessary party to an appeal must either make a general appearance within the year following the rendition of the judgment, or the entering of the final order appealed from, or summons must issue within such time, and service thereof be had upon the defendant in error; and, when not so done, the appeal will be dismissed. *Humphrey v. Hunt,* 9 Okla. 196, 59 Pac. 971; *Wedd v. Gates el al.,* 15 Okla. 602, 82 Pac. 808; *Steele v. Baum,* 51 Kan. 165, 32 Pac. 918. Is the said S. E. Horton a necessary party to this appeal? If this case was reversed, and such accounting should be ordered, the said S. E. Horton being a defendant, in the court below, as an indorser on said note, and such accounting was had, and the balance on the partnership settlement, if any, was less than the amount due on said note, judgment then would be rendered against the said Horton, as well as the defendant Ed-

ward Strange in such sum. It has been repeatedly held that, if a party can, by a reversal or modification of the judgment appealed from, be in any way affected thereby, he is a necessary party. *Humphrey et al. v. Hunt et al., supra,* and authorities cited therein on page 198 of 9 Okla., on page 971 of 59 Pac.; *Wedd v. Gates et al., supra; Steele v. Baum, supra.* Are all the necessary parties on this petition in error before this court? In the case of *Outcalt v. Collier,* 8 Okla. 476, 58 Pac. 642, the rule is laid down by Mr. Chief Justice Burford that all parties who are parties to the proceedings in the trial court, and whose interests will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings. And, further, that if the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to other parties as to whose interests the judgment has become final by the failure to appeal, the appeal will be dismissed.

In the case of *County Commissioners v. Harvey et al.,* 5 Okla. 471, 49 Pac. 1007, Mr. Justice Bierer, speaking for the court, said:

"From these numerous authorities it would appear that the proposition as to what parties must be brought before the Supreme Court in order to warrant a review of the questions sought to be presented on appeal has been fully adjudicated and the rule clearly fixed. And the rule appears to be that all persons who were parties to the proceeding in the trial court, and whose interests will be affected by a reversal of the judgment, must be brought into the appellate proceeding. And also, where the interests of those who are brought as parties into the appellate proceeding will be injuriously affected by a reversal or modification of the judgment complained of as to such parties, without a reopening of the case as to other parties as to whose interests the judgment has become final by failure to appeal, so likewise the proceeding will be dismissed."

In the case of *Great Western Mfg. Co. v. Richardson,* 57 Kan. 661, 47 Pac. 537, the court said:

"The rule is well settled, and has often been enforced by this

court, that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the case."

A long line of reported cases might be cited to support this proposition, but we shall refer to only the following: *McPherson v. Storch*, 49 Kan. 313, 30 Pac. 480; *Loan Co. v. Lumber Co.*, 53 Kan. 677, 37 Pac. 132; *Norton v. Wood*, 55 Kan. 559, 40 Pac. 911; *Investment Co. v. National Bank*, 56 Kan. 49, 42 Pac. 321; *Bain v. Conn. M. Life Ins. Co.*, 3 Kan. App. 346, 40 Pac. 817; *Bonebrake v. Aetna Life Ins. Co.*, 3 Kan. App. 708, 41 Pac. 67. In the case of *Jones Stationery & Paper Co. v. Hentig*, 31 Kan. 322, 1 Pac. 533, Mr. Justice Valentine, speaking for the court, said: "In no case should a judgment be interfered with by the Supreme Court, where one of the parties to the judgment is not a party in the Supreme Court." See, also, *Wedd v. Gates et al.*, 15 Okla. 602, 82 Pac. 808.

In this case the petition in error will be dismissed.

All the Justices concur.