## VAUGHT v. MINERS' BANK OF JOPLIN.

No. 1594.    Opinion Filed September 13, 1910.

(111 Pac. 214.)

**APPEAL AND ERROR—Necessary Parties—Joint Liability.** All persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the case.

(Syllabus by the Court.)

*Error from District Court, Stephens County; J. R. Tolbert, Judge.*

Action by the Miners' Bank of Joplin against G. W. Vaught. Judgment for plaintiff. Defendant brings error. Dismissed.

*Gilbert & Bond* and *Bledsoe & Little,* for plaintiff in error.— Citing *Jones v. Balsley & Rogers,* 25 Okla. 344, and *Continental Gin Co. v. Huff,* 25 Okla. 798.

*Devereux & Hildreth, Robert Burns,* and *H. B. Lockett,* for defendant in error.—Citing *Strange v. Crismon,* 22 Okla. 841, and *Great Western Mfg. Co. v. Richardson,* 57 Kan. 661.

KANE, J.    A motion to dismiss the appeal in the above-entitled cause has heretofore been overruled; but, upon a more careful examination of the authorities upon motion to rehear motion to dismiss, we are of the opinion that the motion ought to be sustained. Said action below was by the Miners' Bank as plaintiff, versus G. W. Vaught, defendant, to recover on a promissory note and to foreclose a mortgage given to secure payment of the same. The petition alleged:

"That the defendant, G. W. Vaught, did make, execute and deliver to the Bank of Comanche, Comanche, Indian Territory, a certain promissory note for $4,200; that said note was due on the 31st day of August, 1906; that before the maturity thereof the said plaintiff, for a valuable consideration, bought said note from the Bank of Comanche; and that this plaintiff is now the owner and holder of said note."

It seems that a receiver was appointed for the Bank of Comanche, who, upon his own motion, was made a party defendant. The cause was tried to a jury, which returned a verdict "against both the Bank of Comanche and G. W. Vaught, defendants, and each of them," upon which judgment was rendered in favor of the plaintiff, Miners' Bank, against G. W. Vaught and Robert Burns, as receiver of the Bank of Comanche, and a decree was rendered foreclosing the mortgage. Vaught alone instituted proceedings in error in this court without making the receiver a party.

In *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937, it was held that:

"A petition in error by two of three defendants, against whom judgment was entered jointly for the recovery of a specified sum, to which the other defendant is neither made a party plaintiff nor defendant in error, must be dismissed for want of necessary parties."

In that case a great many authorities are cited to support the decision of the court, both from the Supreme Court of Oklahoma Territory and the Supreme Court of Kansas. In one of the Kansas cases cited (*Great Western Manufacturing Company v. True Richardson,* 57 Kan. 661, 47 Pac. 537) it is said that:

"The rule is well settled, and has often been enforced by this court, that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and that a failure to join any of them either as plaintiffs or defendants is ground for the dismissal of the case."

The latest expression by this court on the question may be found in *Seibert v. First National Bank of Okeene,* 25 Okla. 778, 108 Pac. 628. In that case, after citing with approval *Strange et al. v. Crismon, supra,* and other Oklahoma cases, it was said:

"The rule requiring parties having an interest that may be materially affected by the judgment when brought before the appellate tribunal is in no sense a technical one; on the contrary, it is a rule of great importance and is required in order to secure to a litigant his day in court."

The motion to dismiss the appeal must be sustained, and the appeal dismissed.

DUNN, C. J., and HAYES and WILLIAMS, JJ., concur; TURNER, J., absent and not participating.