# NATIONAL SURETY CO. v. OKLAHOMA PRESBYTERIAN COLLEGE FOR GIRLS et al.

No. 4387. Opinion Filed May 6, 1913.

Rehearing Denied July 8, 1913.

(132 Pac. 652.)

1. **APPEAL AND ERROR—Parties—Service of Case-Made.** All parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs in error or as defendants in error, before such judgment can be reviewed; and where a review of the judgment is sought by means of a petition in error and case-made, service of the case-made within the time prescribed by the statute must be had against all parties who do not join in the appeal as plaintiffs in error, but who are made parties thereto as defendants in error.

2. **SAME—Service of Case-Made—Parties.** Where the trial court does not acquire jurisdiction of a party by service of process or by his appearance, a judgment rendered against him is void; and service of case-made upon him is not required.

3. **NAMES—Assumed Name—Action.** Where a person engages in business under a firm name and assumes such name for the purpose of transacting his business and executes contracts under such name, he may be sued under such name.

4. **APPEARANCE—What Constitutes—Effect.** Where an action was brought against a person under the firm name under which such person did business, and such defendant filed a demurrer to the petition under the firm name, the filing of such demurrer constituted a personal appearance of defendant; and upon the demurrer's being sustained by the court upon the ground of misjoinder of causes of action, an order was made permitting plaintiffs to file separate actions, one of which was directed to be filed against said defendant in his real name, rather than in his assumed name, which was thereafter so filed. **Held,** that by reason of section 5632, Comp. Laws 1909 (Rev. Laws 1910, sec. 4743), no issuance of summons and service thereof was necessary to obtain jurisdiction of the person of such defendant, but that such separate action might be prosecuted against him without further service.

5. **PLEADING—Amendment—Service on Defendant.** Where the action was brought by two persons as coplaintiffs, and the order of the court upon the demurrer was that separate actions upon the plaintiffs' cause of action be filed in the names of said two plaintiffs, and in filing the separate action one of the names of said plaintiffs was omitted, an amendment thereafter made by the court, so amending the petition as to supply the name of the omitted plaintiff, effects only a full compliance with the order of the court directing that separate actions be filed in the name of both plaintiffs; and service of such an amendment upon a defendant is unnecessary before judgment upon default may be rendered against him.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*
*Summers Hardy, Judge.*

Action by the Oklahoma Presbyterian College for Girls and another against the National Surety Company and another. Judgment for plaintiffs, and defendant company brings error. Dismissed.

*William F. Robertson* and *Kyle & Newman,* for plaintiff in error.

*C. C. Hatchett,* for defendants in error.

HAYES, C. J. This appeal is prosecuted from a judgment rendered in the district court of Bryan county in favor of defendants in error, Oklahoma Presbyterian College for Girls and the Executive Committee of the Home Missions of the Presbyterian Church of the United States, against M. J. Gill

and plaintiff in error, the National Surety Company, for the sum of $14,221.42. A motion has been filed in this court by the College and the Executive Committee to dismiss the appeal, upon the ground that the case-made attached to the petition in error is void, because not served upon their codefendant in error, M. J. Gill, within the time provided by law. The judgment against plaintiff in error and Gill is a joint judgment. The Surety Company contends, in opposition to the motion to dismiss, that the judgment against Gill is void, because the trial court failed to obtain jurisdiction of his person. Some of the propositions presented by this motion to dismiss have been settled by former adjudications of this court. We shall state those propositions first.

All parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs or as defendants in error before such judgment can be reviewed; and, where the review is sought by means of petition in error and case-made, service of the case-made within the time prescribed by the statute must be had upon all parties against whom the joint judgment is rendered who do not join in the appeal as plaintiffs in error, and who are made parties thereto as defendants in error; and, failure to serve the case-made upon such parties will operate to prevent the same from being considered in this court. *May et al. v. Fitzpatrick et al.,* 35 Okla. 45, 127 Pac. 702; *American Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507; *Thompson et al. v. Fulton,* 29 Okla. 700, 119 Pac. 244; *Price et al. v. Covington,* 29 Okla. 854, 119 Pac. 626.

But where the trial court does not acquire jurisdiction of a party by service of process or by his appearance, a judgment rendered against him is void, and service of the case-made upon him is not required. *State ex rel. Hankins, Co. Atty., v. Holt et al.,* 34 Okla. 314, 125 Pac. 460.

In their original petition filed in the court below, the College and the Executive Committee allege that defendant M. J.

Gill Construction Company is the firm name under which M. J. Gill does business; and that defendant National Surety Company is a corporation. They allege that, some time prior to the institution of the action, the College entered into a contract with M. J. Gill Construction Company, whereby it agreed to construct and complete a certain brick building for the sum of $57,000; that, under the terms of the contract, the building was to be completed on or before a specified date; and that, upon failure so to complete the building, the Construction Company would be liable for liquidated damages in the sum of $20 per day. They allege at the time of making the contract, as a part and parcel thereof, M. J. Gill Construction Company, as principal, and the National Surety Company as surety, executed and delivered to the College their obligation, whereby they obligated themselves that the building would be completed in accordance with the terms of the contract, and would be turned over and delivered on or before the date specified therein, free, clear, and discharged of and from all laborers', mechanics', and materialmen's liens. They allege that the building was not completed within the time specified in the contract. In the same petition they also make party defendants a large number of other persons and corporations, who they allege claim to have furnished material or labor to the Construction Company in the construction of said building for which they claim a lien; and the petition asks that such parties be required to appear and establish their claims or liens against the property, and, upon failure to appear, that their said liens and claims be declared invalid; and also prayed for judgment upon the bond against the Surety Company and the Construction Company.

To this petition the Surety Company and the Construction Company each filed a demurrer upon several grounds, one of which was a misjoinder of causes of action. These demurrers upon this ground were sustained by the trial court. The orders sustaining these demurrers refer to the demurrer of

the M. J. Gill Construction Company as the demurrer of M. J. Gill, and also find that the said M. J. Gill does business as the M. J. Gill Construction Company. The order, after stating that the demurrers are sustained upon the ground of misjoinder of causes of action, provides:

"That the plaintiffs be and they are hereby allowed to file a petition against all the lien claimants who are defendants in this cause, and · the plaintiffs be and they are hereby allowed to file a petition against M. J. Gill, doing business as M. J. Gill Construction Company, and the National Surety Company, a corporation, and that an action shall be docketed for each of said petitions; and that the same shall be prosecuted without further service."

This provision of the order was made under the authority of section 5632, Comp. Laws 1909 (Rev. Laws 1910, sec. 4743). A separate petition was thereafter filed by the plaintiffs against M. J. Gill, doing business under the name of M. J. Gill Construction Company, and against the National Surety Company, setting up their alleged cause of action arising upon the bond. To this petition no pleading of any sort or appearance was made by M. J. Gill. After answer was filed by the Surety Company, a trial to a jury resulted in a verdict against both Gill and the Surety Company, upon which the judgment appealed from was rendered.

It would have been better practice for plaintiffs to have brought their action against M. J. Gill, doing business under the name of M. J. Gill Construction Company; but that they may maintain an action against him in the names of the M. J. Gill Construction Company has not been questioned in the proceeding here; and such a procedure is sustained by respectable authorities upon reasons which appear satisfactory to us. *Graham v. Eiszner*, 28 Ill. App. 269; *Sheridan et al: v. Nation*, 159 Mo. 27, 59 S. W. 972; *Wooster v. Lyons*, 5 Blackf. (Ind.) 60; *Baumeister v. Markham*, 101 Ky. 122, 39 S. W. 844, 41 S. W. 816, 72 Am. St. Rep. 397; *School District v. Pillsbury*, 58 N. H. 423.

The exact point of plaintiff in error's contention is that the record does not show that the trial court ever obtained jurisdiction of M. J. Gill under the original petition. This contention is without merit. It is found by the trial court and admitted by the pleadings that M. J. Gill Construction Company is M. J. Gill and M. J. Gill is the M. J. Gill Construction Company. They are but two names for one person, one of which has been assumed by Mr. Gill for business purposes. The record shows that the M. J. Gill Construction Company filed its demurrer to the original petition. This act was the act of M. J. Gill, as much as if it had been filed in his real name, instead of the name assumed by him for business purposes; and by such act he entered an appearance. When the trial court ordered that separate suits might be filed, one of which should be against M. J. Gill, doing business under the name of M. J. Gill Construction Company, he thereby directed the further proceedings to be taken against said defendant in his real name, rather than in the assumed name; but his order did not constitute a permission, or requirement, to file a pleading against a new defendant. When the separate petition was filed, it named as plaintiff therein only the Oklahoma Presbyterian College for Girls. Afterwards permission was obtained to amend the petition by adding the Executive Committee of the Home Missions of the Presbyterian Church of the United States as plaintiff, also; and, since this amendment was not served upon M. J. Gill, it is contended by the Surety Company that the judgment finally rendered is void as to Gill. This contention is without merit. Whatever may be the rule as to service upon a defendant of an amended petition which states a new cause of action before judgment by default can be taken, it has no application to this case. Both the College and the Executive Committee were plaintiffs in the original petition filed. The order for filing separate petitions upon the separate causes of action which were found by the trial court to have been improperly

joined was that the petition be filed by the College and by the Executive Committee. How the separate petition first filed in this case came to be filed only by the College as plaintiff is not disclosed by the record. The filing of same by the College alone was not in full compliance with the order of the court, because that order was that a· separate petition should be filed by the College and the Executive Committee, and the amendment thereafter made to the separate petition filed effected only a full compliance with the order made by the trial court upon the demurrer of defendant Gill; and he was bound to take notice of the petition, when filed in compliance with that order; for the statute provides that further service shall not be necessary. Section 5632, Comp. Laws 1909 (Rev. Laws 1910, sec. 4743), No service of the case-made was made ꓹ upon Gill within the three ˙days after the rendition of final judgment, as provided for by statute (section 6074, Comp. Laws 1909 [Rev. Laws 1910, sec. 5241]), nor within any extension of time for the service thereof upon him granted within said statutory period.

It follows that the case-made is void, and nothing can be presented upon it to this court in this proceeding; and the motion to dismiss should be sustained.

All the Justices concur, except WILLIAMS, J., not participating.