## ZEIMANN v. BENNETT *et al.*

No. 2811. Opinion Filed June 11, 1913.

Rehearing Denied September 23, 1913.

(134 Pac. 1124.)

1. **APPEAL AND ERROR—Parties—Citation—Dismissal of Appeal.** Prior to the passage of Act Feb. 14, 1911 (Sess. Laws 1910-11, c. 18), every necessary party to an appeal must either make a general appearance within the year following the rendition of the judgment or the entering of the final order appealed from, or summons must issue within such time, and service thereof be had upon the defendant in error, and, when not so done, the appeal will be dismissed.

2. **SAME.** All persons who are parties to the proceedings in the trial court, and whose interest will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings.

3. **SAME.** If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to the other parties, as to whose interest the judgment has become final by the failure to appeal, the appeal will be dismissed.

(Syllabus by Sharp, C.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by Charles Zeimann against D. A. Bennett, worthy president, and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*L. J. Marks* and *R. H. Towne,* for plaintiff in error.

*Giddings & Giddings,* for defendants in error.

Opinion by SHARP, C. Plaintiff sought to recover damages in the sum of $15,138.50 of the defendants, arising out of his expulsion from Subordinate Ærie No. 124, Fraternal Order of Eagles. It is difficult, indeed, from the record before us to understand what was done in the trial court; but from the transcript, supplemented by the *nunc pro tunc* judgment of the trial court, and from the brief of counsel for plaintiff in error, we infer that the order made by the trial court was treated as a final judgment in favor of defendants and against plaintiff. An elaborate motion for a new trial, embracing 73 grounds, was filed and overruled. The petition in error is entitled *"Charles Zeimann, M. D., v. D. A. Bennett et al."* Nowhere in the petition in error are any of the defendants, other than D. A. Bennett, named or designated. The petition in error was filed July 15, 1911, on which day a summons in error issued to the defendants D. A. Bennett, J. F. Kuhn, and H. D. Grout. There was no waiver of the issuance of summons in error, nor has there been any entry of appearance by the remaining defendants. The only defendants, therefore, that are before the court are those last above named. It will be necessary on that account for us to consider, and that briefly, but one question. Regardless of the alleged errors committed by the trial court, can the present appeal be sustained?

The rules for determining this question are settled by this court, and are as follows: (1) All persons who are parties to the proceedings in the trial court, and whose interests will be affected adversely by a reversal of the judgment, must be brought into the appellate proceedings. (2) If the interests of those

who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to the other parties, as to whose interests the judgment has become final by a failure to appeal, the appeal will be dismissed. *Board of Com'rs v. Harvey,* 5 Okla. 468, 49 Pac. 1006; *Humphrey v. Hunt,* 9 Okla. 196, 59 Pac. 971; *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Strange et al v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Board of Com'rs v. Lemley,* 23 Okla. 306, 101 Pac. 109; *Weisbender et al. v. School District No. 6,* 24 Okla. 173, 103 Pac. 639; *Continental Gin Co. v. Huff et al.,* 25 Okla. 798, 108 Pac. 369; *Seibert v. First Nat. Bank,* 25 Okla. 778, 108 Pac. 628; *Vaught v. Miners' Bank,* 27 Okla. 100, 111 Pac. 214.

Every necessary party to an appeal must either make a general appearance within the year following the rendition of the judgment or the entering of the final order appealed from, or summons must issue within such time, and service thereof be had upon the defendants in error, and, when not so done, the appeal will be dismissed. The court is without authority to make any order as to those defendants not made parties to the appeal. The judgment as to them is final. We cannot, therefore, reverse the case, without injuriously affecting the rights of those who are parties to the proceedings on appeal, for we cannot reopen the case as to the remaining defendants.

For the reasons given, the petition in error should be dismissed.

By the Court: It is so ordered.