## SOUTHWESTERN SURETY & INS. CO. v. HALL.

No. 4547.    Opinion Filed March 3, 1914.

(139 Pac. 305.)

**APPEAL AND ERROR** — Necessary Parties — Dismissal.    All persons against whom a joint judgment has been rendered must be made parties to a proceeding in error to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the cause.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by C. P. Hall against Appleton, Braziel, and Landrum, as principals, and the Southwestern Surety & Insurance Company, as surety. From a judgment for plaintiff, the Surety Company brings error. Dismissed.

*W. R. Bleakmore* and *R. A. Hefner,* for plaintiff in error.

*Champion & Champion, Johnson & McGill,* and *Gray & McVay,* for defendant in error.

TURNER, J. On July 3, 1911, in the district court of Carter county, C. P. Hall, defendant in error, sued Appleton, Braziel, and Landrum, as principals, and the Southwestern Surety & Insurance Company, plaintiff in error, as surety, upon their respective official bonds, alleging false imprisonment as a breach thereof, and his damage $6,000. There were two verdicts, one in favor of Landrum and said company, as surety on his bond, and the other in favor of plaintiff and against Appleton for $100, and against Braziel for $150, but nothing was said in the verdict concerning said company as surety aforesaid. After motion for a new trial by Appleton and Braziel was filed and overruled and judgment rendered and entered in favor of plaintiff and against them respectively for said amounts, and, on a subsequent day of the term, on motion of plaintiff, judgment was also rendered and entered against said company, as surety on their respective bonds, in favor of plaintiff for the respective amounts recovered against each of said principals, said company, after motion to set aside said judgment filed and overruled, brings the case here without making Appleton and Braziel parties to this proceeding.

While the record discloses two judgment entries on different days, one against Appleton and Braziel and the other against the surety company, as surety on their respective official bonds, they are, in effect, a joint judgment, and will be so considered by this court, for the reason that we look to the substance rather than form. The rule is well settled in this state that all parties to a joint judgment must be joined in the proceedings in error either as plaintiffs or defendants. *National Surety Co. v. Okla. Presbyterian College for Girls,* 38 Okla. 429, 132 Pac. 652; *Humphrey et al. v. Hunt,* 9 Okla. 196, 59 Pac. 971; *Chickasha Light, Heat & Power Co. v. Bezdicheck,* 33 Okla. 688, 126 Pac. 821; *Vaught v. Miners' Bank of Joplin,* 27 Okla. 100, 111 Pac. 214; *Bonebrake v. Insurance Company* (Kan.) 41 Pac. 67.

The motion to dismiss is sustained.

All the Justices concur.