## FOREMAN v. FISH et al.

No. 6644.    Opinion Filed October 13, 1914.

(143 Pac. 661.)

**APPEAL AND ERROR—Parties—Joint Judgment.** All parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs or defendants in error, before such judgment can be reviewed.

(Syllabus by the Court.)

*Error from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Action by Sheridan Foreman against Hattie R. Fish and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*E. M. Frye,* for plaintiff in error.

*Chas. F. Runyan* and *Curtis & Pitchford,* for defendants in error.

BLEAKMORE, J.   On August 1, 1913, plaintiff in error commenced this action in the district court of Sequoyah county against Hattie R. Fish, Clyde William Fish, D. A. Anderson, and C. A. Olentine, for a cancellation of a deed executed by him to one A. E. Fish, for $600 damages for unlawfully withholding possession, and for $1,500 rents and profits of said lands. The defendants D. A. Anderson and C. A. Olentine answered by way of general denial. The defendants Hattie R. Fish and Clyde William Fish answered, and they, together with Clifford B. Fish, Nina Fish, Eunice Fish, Eva Hopkins, and Lucile Hunt, filed in said action their cross-petition, in which they allege that they are the sole heirs and devisees under the will of the said A. E. Fish, deceased, duly admitted to probate; that they and all of them, in June, 1913, conveyed to the defendant, D. A. Anderson, the land involved, and retained a lien upon said land for a portion of the purchase price in the sum of $1,000,

evidenced by a mortgage thereon executed by the said D. A. Anderson. Judgment was rendered against plaintiff, adjudging that said D. A. Anderson was the owner of said land by virtue of said deed, subject to the lien and mortgage of the defendants and cross-petitioners.

Defendants in error move a dismissal of this proceeding in error for the reason that Clifford G. Fish, Eunice Fish, Eva Hopkins, and Lucile Hunt, cross-petitioners in whose favor the joint judgment of the court was rendered, are not made parties in this court. It has been repeatedly held by this court that all parties to a joint judgment, whose interests will be affected by a reversal thereof, must join in the prosecution of the appeal, or be made parties defendant in error. Following *Crow v. Hardridge, ante,* 143 Pac. 183, the motion to dismiss is sustained.

All the Justices concur.