# UNITED STATES FIDELITY & GUARANTY CO. v. BALLARD, *Adm'x.*

No. 3925.   Opinion Filed November 24, 1914.

On Rehearing January 9, 1915.

Second Rehearing Denied March 9, 1915.

(145 Pac. 396.)

1. **APPEAL AND ERROR—Necessary Parties—Dismissal.**   All parties against whom a joint judgment has been rendered must be made parties to a proceeding in error to review such judgment, and a failure to join any one of them, either as plaintiffs or defendants, is ground for dismissal of the cause.

2. **SAME—Presentation Below—Necessity—Judgment.**   Section 5179, Rev. Laws 1910, authorizes the trial court, upon evidence, either record or parol, to find the true relation existing between the defendants to the action, and to direct the clerk to enter judgment against one as principal and the other as surety, as provided in this statute, but this question cannot be raised for the first time in the appellate court.

(Syllabus by Galbraith, C.)

*Error from District Court, Craig County;*

*Preston S. Davis, Judge.*

Action by Marian Ballard as administratrix of Randolph Ballard, deceased, against George W. May and the United States Fidelity & Guaranty Company.   Judgment for plaintiff, and the defendant company brings error.   Appeal dismissed.

*Ames, Chambers, Lowe & Richardson,* for plaintiff in error.

*Jas. S. Davenport,* for defendant in error.

Opinion by GALBRAITH, C.   The judgment attempted to be appealed from in this case reads in part as follows:

"Whereupon the court rendered judgment on the verdict for the plaintiff for the amount found to be due plaintiff from the defendant by the jury.

"It is therefore considered, ordered, and adjudged by the court that Marian Ballard, as the administratrix of the estate of Randolph Ballard, deceased, have and recover of and from Geo. W. May and the United States Fidelity Company, a corporation, the sum of $454.60, and all of her costs in this suit laid out and expended."

It will be observed that this is a joint judgment against George W. May and the United States Fidelity & Guaranty Company. George W. May did not join in the appeal to this court, nor was he made a party thereto.

The defendant in error has presented a motion to dismiss the appeal for the want of necessary parties, on the ground that the judgment complained of was a joint judgment against George W. May and the United States Fidelity & Guaranty Company, and the United States Fidelity & Guaranty Company alone appeals, and has not made George W. May a party, either as plaintiff or defendant, and did not serve him with case-made or summons in error, and that, therefore, this court has no jurisdiction of the appeal, and the same should be dismissed. The plaintiff in error, in response to this motion, has presented an ingenious argument in its brief to the effect that George W. May was not a necessary party to the appeal, inasmuch as his rights would not be injuriously affected by the judgment rendered in this court, for the reason that he is the principal and primarily liable for the payment of the judgment. It is contended that it appears from the record that George W. May was the principal and the United States Fidelity & Guaranty Company was surety, and that under section 5179, Rev. Laws 1910, it was the duty of the clerk in such cases, in entering the judgment, to certify to these facts, and that this court should consider the record as though the clerk had certified to the true relation of the parties. We cannot agree with counsel as to the effect and operation of this statute upon the judgment. It is true that the statute gave the trial court the right to find the relations of the defendants upon evidence, either record or parol, and to declare that one was principal and the other surety, and to direct the clerk to enter the judgment accordingly. *Kup-*

*fer v. Sponhorst et al.,* 1 Kan. 77; *Bank of Stockham v. Weins,* 12 Okla. 502, 71 Pac. 1073. However, in the absence of a finding by the trial court and the direction of the clerk, and the entering of judgment accordingly, the statute does not authorize or empower the appellate court to find the relationship existing between the parties to the judgment. This question cannot be raised for the first time in this court.

In *Bank of Stockham v. Weins, supra,* 12 Okla. at page 505, 71 Pac. at page 1074, the court says:

"The record discloses that the judgment was a joint one against the plaintiff in error and defendant in error. The law seems to be well settled that where a judgment is joint, against two or more defendants, both are regarded as principals, unless by proof *aliunde* one is shown to be a surety, and where one of them pays the whole amount of the judgment, he is not therefore entitled to an execution, for use against his codefendant, unless he himself has been judiciously determined to be only a surety. 2 Black on Judgments, sec. 996.

"The mode of rendering a judgment in order to make it appear upon the record who was the principal debtor, and who was surety, is controlled by the statute in Oklahoma as well as in Nebraska; the provisions of the Code being the same in both jurisdictions. Oklahoma Code of Civil Procedure, sec. 485; Nebraska Code of Civil Procedure, sec. 511.

"In this case there was no question of suretyship raised in the court in which the judgment was rendered, and which is made the basis of this action, and hence it cannot be considered for the first time in this court."

In *Vaught v. Miners' Bank of Joplin,* 27 Okla. 100, 111 Pac. 214, the judgment was against three defendants, one of them appealed, and in dismissing the case the court said:

"Vaught alone instituted proceedings in error in this court without making the receiver a party.

"In *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937, it was held that: 'A petition in error by two of three defendants, against whom judgment was entered jointly for the recovery of a specified sum, to which the other defendant is neither made a party plaintiff nor defendant in error, must be dismissed for want of necessary parties.'

"In that case a great many authorities are cited to support the decision of the court, both from the Supreme Court of Oklahoma Territory and the Supreme Court of Kansas. In one of the Kansas cases cited *(Great Western Manufacturing Co. v. True Richardson,* 57 Kan. 661, 47 Pac. 537), it is said that: 'The rule is well settled, and has often been enforced by this court, that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and that a failure to join any of them either as plaintiffs or defendants is ground for the dismissal of the case.'

"The latest expression by this court on the question may be found in *Seibert v. First National Bank of Okeene,* 25 Okla. 778, 108 Pac. 628. In that case, after citing with approval *Strange et al. v. Crismon, supra,* and other Oklahoma cases, it was said: 'The rule requiring parties having an interest that may be materially affected by the judgment when brought before the appellate tribunal is in no sense a technical one; on the contrary, it is a rule of great importance and is required in order to secure to a litigant his day in court.' "

In the case of *Southwestern Surety Co. v. Hall,* 40 Okla. 447, 139 Pac. 305, judgments were rendered against the principals and the surety company, and the surety company alone prosecuted the appeal, without making the principals parties thereto, and the court, in sustaining the motion to dismiss, said:

"The rule is well settled in this state that all parties to a joint judgment must be joined in the proceedings in error either as plaintiffs or defendants" (citing a number of cases).

In *National Surety Co. v. Oklahoma Presbyterian College for Girls,* 38 Okla. 429, 132 Pac. 652, there was a judgment against M. J. Gill, principal, and the surety company. The surety company alone appealed, and in sustaining the motion to dismiss the appeal because Gill had not been made a party, the court said:

"All parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs or as defendants in error, before such judgment can be reviewed; and, where the review is sought by means of petition in error and case-made, service of the case-made within the time prescribed by the statute must be had upon all parties against whom the joint judgment is rendered who do not join in the appeal as

plaintiffs in error and who are made parties thereto as defendants in error; and failure to serve the case-made upon such parties will operate to prevent the same from being considered in this court."

To the same effect are *Crow v. Hardridge,* 43 Okla. 463, 143 Pac. 183, and *Foreman v. Fish et al.,* 43 Okla. 641, 143 Pac. 661.

The record clearly shows that the judgment attempted to be brought up for review in this case was a joint judgment against George W. May and the United States Fidelity & Guaranty Company, and that the United States Fidelity & Guaranty Company alone appeals, and that George W. May is not made a party to the appeal. Under the foregoing authorities he was a necessary party, and the failure to make him a party is fatal to the jurisdiction of this court to review the case upon its merits, and the motion should, therefore, be sustained and the appeal dismissed.

## ON REHEARING.

In the case of *Southwestern Surety & Insurance Co. v. Hall,* 40 Okla. 447, 139 Pac. 305, wherein it is said that "we look to the substance rather than the form," the record discloses two judgments entered upon different days, one against Appleton and Brazil, and the other against the surety company on their official bonds, and the court held that these judgments, although several in form, were in fact a joint judgment, and, the surety company alone having appealed, dismissed the appeal for want of necessary parties. This case is an authority supporting the original opinion in the instant case. If the contention of plaintiff in error is correct, the motion to dismiss in that case should have been overruled, since the principals were not necessary parties to the appeal and a failure to join them was not ground for dismissal, but the court "looked to the substance rather than the form," and found that the judgments, although several in form and rendered on different days, were in fact joint, and, the principals being necessary parties to the appeal, and not having been made parties thereto, sustained the motion to dismiss. It was

not necessary to look beyond the form of the judgment in the instant case. This alone showed that the judgment was joint, and that all of the parties to the joint judgment had not been made parties to the appeal. In passing upon a similar motion in *Jameson v. Goodwin,* 43 Okla. 154, 141 Pac. 767, the court said that the rule by which to determine the motion is, were the parties omitted from the appeal necessary parties to the proceedings in the trial court, and if found to be necessary parties in the trial court, they were necessary parties on appeal, and, if omitted, the motion to dismiss on that ground should be sustained. This rule also supports the original opinion filed herein.

To hold, as contended by the plaintiff in error, that the principal is not a necessary party to an appeal from a judgment rendered in an action against the principal and surety on a bond, it would be necessary to overrule a number of the former decisions of this court. See *Southwestern Surety & Ins. Co. v. Hall, supra,* and cases there cited, and those cited in the original opinion herein. With due respect to the counsel urging the proposition, we are constrained to decline to so hold. One of the questions of practice that might be regarded as settled in this jurisdiction is that the principal is a necessary party to such appeal.

The petition for rehearing is denied, and the original opinion filed herein is adhered to in all respects.

By the Court: It is so ordered.