## GEORGE *et al.* v. ROBINSON *et al.*

No.6190.    Opinion Filed June 15, 1915.

(149 Pac. 1087.)

1.   **APPEAL AND ERROR—Abstract Questions—Review.**   Abstract or hypothetical questions, disconnected with the granting of actual relief other than costs of appeal, will not be determined by this court.

2.   **APPEAL AND ERROR—Necessary Parties.**   In a suit to foreclose a real estate mortgage, all subsequent inferior lienholders are necessary parties, and where a defendant subsequent mortgagee files a cross-petition and before judgment dismisses the same, he is still a party defendant in the foreclosure suit, and a necessary party in a proceeding in error to reverse a judgment of foreclosure against mortgagors and the other defendants.

3.   **SAME—Joint Defendants.**   All parties defendant against whom a joint judgment was rendered in the trial court are necessary parties to a proceeding in error.

4.    **APPEAL AND ERROR—Moot Question—Dismissal.** Where a judgment is rendered foreclosing mortgage against G. in favor of R., and S., a subsequent inferior mortgagee, pays off R.'s judgment, and in a separate suit, judgment of foreclosure is entered by agreement between S. and G. for the amount of R.'s judgment and costs against G. in favor of S., which is not appealed from, upon such facts being brought to the attention of this court by proper motion, pending G.'s appeal from R.'s judgment, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by F. K. Robinson against William H. George and others. Judgment for plaintiff, and certain of defendants bring error. Dismissed.

*G. A. Chappell,* for plaintiffs in error.

*W. S. Cline* and *Sam K. Sullivan,* for defendants in error.

BROWN, J.    F. K. Robinson, one of the defendants in error, has filed a motion to dismiss the appeal in this case, and in support thereof says, in substance: As mortgagee, he was plaintiff against William H. George *et al.,* mortgagors, in an action of foreclosure against said mortgagors. One P. W. Smith, holder of a subsequent inferior mortgage on the same property covered by plaintiff's mortgage, was made a defendant. The mortgagors filed a demurrer to plaintiff's petition, and Smith filed a cross-petition. Prior to any hearing, Smith dismissed his cross-petition without prejudice. The court overruled the demurrer of mortgagors, whereupon they refused to plead further, and judgment was rendered against said mortgagors, foreclosing the mortgage and barring and foreclosing the defendants, and each of them, from all right, title, and interest in the mortgaged property. From this judgment, mortgagors prosecute error to this court. Since the beginning of proceedings in error, no supersedeas having been given, Robinson began proceedings to collect his

judgment; had order of sale issued and the land advertised for sale. Prior to the sale, however, Smith paid into court the full amount of the Robinson judgment and costs, and filed a separate action, asking for foreclosure of his subsequent mortgage, and also that he be subrogated to the rights of Robinson and for judgment for the amount of the Robinson judgment discharged by him and for foreclosure thereof. By agreement between Smith and mortgagors, judgment was entered in favor of Smith and against said mortgagors for the amount of the Robinson judgment and costs, and also for foreclosure of said mortgages, in favor of Smith. This judgment was not appealed from. This state of affairs, insists defendant in error Robinson, renders the case now pending in this court an abstract or hypothetical one except as to the costs of appeal.

In response to the motion to dismiss as above set out, it is contended by plaintiffs in error that the cause of action remains the same as in the beginning; that some of the notes sued on were and are not due, and that plaintiff below was not entitled to a foreclosure on that portion of the indebtedness not due; but, nevertheless, it is admitted that Smith paid the judgment which covered the notes claimed not to be due, and then plaintiffs in error by agreement permitted Smith to have judgment entered for the same, which is a final judgment not appealed from, as aforesaid. This, we think, shows clearly that there is no affirmative relief to be obtained by plaintiffs in error, even though the Robinson judgment were reversed.

All the material facts set out in the motion to dismiss are admitted by plaintiffs in error's response thereto, and in addition the journal entries of the judgments referred to in said motion are attached thereto, and their verity in no way denied by plaintiffs in error, and therefore they stand admitted.

Plaintiffs in error claim that when the cross-petition was dismissed by Smith he was no longer a party to the case, but we cannot agree with this contention. He stood in the same relation as a defendant that he did before filing his cross-petition, or just as if he had not answered in the first instance. He was still a defendant and a necessary party to the appeal, but was not made so by service of case-made and summons in error.

In the stipulation for judgment in favor of Smith it was provided that the plaintiffs in error reserve all their rights in the appeal pending from the Robinson judgment; and plaintiffs in error contend that this shows it was the intention of the parties to preserve all rights plaintiffs in error had in the issues on appeal. We cannot see how, in the state of this record, any relief could be granted against Robinson that would avail plaintiffs in error any advantage whatever, other than costs of appeal.

This court has held that abstract or hypothetical questions, disconnected with the granting of actual relief other than costs of appeal, will not be determined. *McCullough v. Gilcrease*, 40 Okla. 741, 141 Pac. 5. And that where it is brought to the attention of this court that a controversy has been settled prior to determination of the case on appeal by this court, the appeal will be dismissed. *Quinn v. State ex rel. Cole*, 43 Okla. 198, 141 Pac. 1166.

It is also well settled that all subsequent inferior incumbrancers or grantees are necessary parties to a foreclosure of a real estate mortgage; otherwise no title can be foreclosed against them. *Blanshard v. Schwartz*, 7 Okla. 23, 54 Pac. 303; *Horr v. Herrington*, 22 Okla. 590, 98 Pac. 443, 20 L. R. A. (N. S.) 47, 132 Am. St. Rep. 648.

It has often been held by this court that all parties against whom a joint judgment is rendered in the trial court are necessary parties in a proceeding in error.

*United States Fidelity & Guaranty Co. v. Ballard,* 44 Okla. 807, 145 Pac. 396.

It follows that the appeal must be, and the same is hereby, dismissed.

All the Justices concur.